■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL SUTTON, Appellant. — Appeal from the judgment of the Supreme Court, New York County (Melia, J., at plea and sentence; Rothwax, J., at suppression), rendered February 4, 1980, convicting defendant, upon his plea, of criminal possession of a weapon in the third degree and sentencing him to two to four years, held in abeyance and the matter remanded for a suppression hearing. As part of an omnibus motion, defendant moved to suppress physical evidence pursuant to CPL 710.60. The motion was predicated upon the affirmation of defense counsel. The defense counsel stated that, upon information and belief, defendant was seized by the police as he was walking down the street. The defense counsel stated that his client was unlawfully arrested before the gun was seized. The Assistant District Attorney (ADA) submitted an affirmation in response to the omnibus motion. To the extent here relevant, the ADA alleged, upon information and belief, that two officers received a radio run that a man had a gun at a particular location. According to the ADA, the officers observed that defendant and two other individuals fit the description of those mentioned in the radio run. Upon seeing the officers, defendant purportedly ran and tossed the gun away. The gun was then recovered and defendant was arrested. The suppression court denied this branch of the motion to suppress the gun on the ground that defendant never stated that the gun was in his possession. Thus, defendant was found to lack standing upon the motion. Parenthetically, it should be noted that defense counsel refused the court's offer to submit a supplemental affidavit on this issue. Since the police officer's version of the occurrence confirms the fact that defendant was, at one point, in possession of the gun, he had standing to challenge the propriety of the police conduct. It should be stressed that both sides rested upon affirmations drawn upon information and belief. Neither the police officers nor defendant submitted an affidavit reciting the circumstances surrounding the arrest. While defense counsel's affirmation could have been more specific, we find it adequate to place in question the lawfulness of the police conduct attendant upon the arrest of defendant and seizure of the gun. We thus hold this appeal in abeyance and remand the matter for a suppression hearing. Concur — Murphy, P. J., Sullivan, Ross, Bloom and Milonas, JJ.