■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN E. WHITE, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered December 10, 1980, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree. Defendant's conviction in this case followed an unsuccessful motion to suppress a gun found by the police which formed the basis of the charge against him. According to the testimony of Detective Murphy, the sole witness to testify at the suppression hearing, he and his partner, Detective Sutton, observed defendant in a conversation with the occupant of a car on a street corner in the City of Albany. Murphy testified that, while he recognized defendant, he did not know his name until informed by Sutton that it was Steven White. Murphy was also told by Sutton that there were warrants outstanding for the arrest of Steven White. Based on this information, the two police officers followed defendant as he began walking away after the completion of his conversation. Murphy further testified that Sutton called out to defendant, identified himself as a police officer and asked to speak with him. Defendant merely looked back over his shoulder and continued walking. When Detective Sutton again called to defendant, Murphy stated that defendant turned toward them revealing a holster and revolver in his waistband. Several seconds later defendant tossed the gun into an empty lot next to a car. It was subsequently recovered by Detective Murphy and defendant was arrested. At the conclusion of the hearing, the trial court denied the motion to suppress the gun after finding that it had been abandoned by defendant's act of throwing it into the empty lot. It is our view that the trial court properly denied defendant's suppression

motion. Recent decisions of the Court of Appeals indicate that an examination into a defendant's response to police conduct must be conducted to determine whether abandonment of an article has occurred. If an article possessed by a defendant is discarded as a spontaneous reaction to police conduct which is illegal, no abandonment will be found and the article will be inadmissible (*People v Howard,* 50 NY2d 583, cert den 449 US 1023). However, if the discard is an "independent act involving a calculated risk", abandonment will be found and the article is admissible even though the police conduct which preceded the discard may have been illegal (*People v Boodle,* 47 NY2d 398, 404, cert den 444 US 969). Since a review of the testimony at the suppression hearing indicates that defendant "had time enough to reflect and formulate a strategy for ridding himself of the incriminating evidence" (*id.*), we conclude that defendant's act of throwing the revolver into the empty lot after being approached by the police was calculated rather than spontaneous and thus within the holding of *People v Boodle* (*supra*). Having concluded that the police conduct in this case did not provoke defendant into revealing the evidence seized (*id.,* at pp 404-405), it becomes unnecessary for us to consider the remaining grounds advanced by defendant for challenging the trial court's suppression ruling. The possible failure by the People to sustain their burden of proving that the two officers had an articulable reason for stopping defendant is academic. The result of such a failure would be to categorize the police conduct in stopping defendant for inquiry as illegal. However, as previously discussed such a categorization would not alter the suppression ruling since articles obtained following independent acts involving calculated risks are admissible even when they result from initial police activity which is illegal. Since the officers' conduct is not relevant to the outcome of the suppression motion in this case, defendant's argument that the trial court improperly refused to allow examination which reflected on police conduct must be rejected since any error committed in this regard was harmless. Defendant also contends that the trial court abused its discretion in ruling that various prior criminal acts could be used by the prosecution to impeach defendant's credibility in the event he decided to testify. At a *Sandoval* hearing, the People indicated that they intended to use 11 prior criminal convictions against defendant for impeachment purposes. The trial court ruled that the earliest three convictions, which involved loitering and for which defendant was adjudicated a juvenile delinquent, could not be used to impeach defendant's credibility. With regard to four other charges upon which defendant was adjudicated a juvenile delinquent and a fifth charge which resulted in defendant being given youthful offender treatment, the court ruled that the People could inquire into the underlying acts but not the facts of the adjudications. Finally, the trial court allowed the People to use both the fact of conviction and the underlying acts involved in the three crimes for which defendant was convicted and sentenced as an adult. At the *Sandoval* hearing, defense counsel urged the court not to permit use of any of the convictions or their underlying circumstances. The sole reason advanced for this position was defense counsel's argument that the crimes involved (burglary, assault, petit larceny, criminal possession of stolen property and criminal trespass) had no bearing on the issue of whether defendant's testimony would be credible if he decided to take the stand. Based upon this record, we see no basis for interfering with the trial court's *Sandoval* ruling (see *People v Poole,* 52 AD2d 1010). Finally, defendant claims that the three- and one-half to seven-year sentence he received as a prior felony offender was harsh and excessive. We disagree. A review of the applicable factors in this case, most notably defendant's extensive criminal history, indicates that the trial court did not abuse its discretion

in imposing the maximum sentence permitted by statute for conviction of a class D felony. Judgment affirmed. Mahoney, P. J., Sweeney, Casey, Wess and Levine, JJ., concur.