■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDMOND TAYLOR, Appellant. — Appeal from judgment of the Supreme Court, New York County (A. M. Meyers, J., at trial; H. Altman, J., on motion to suppress) rendered June 4, 1981 convicting defendant of criminal possession of a weapon in the third degree held in abeyance and the matter remanded to the Trial Judge for the purpose of conducting a hearing on the motion to suppress physical evidence. Defendant was arrested in an apartment entered by the police. At trial, the arresting officer testified that as he entered the apartment he saw a gun protruding from the rear right pocket of defendant's jeans. Defendant, who also testified at the trial, claimed that as he was leaving the apartment, in which he was an invited guest, the police burst in and "planted" the weapon on him. Prior to trial defendant moved, by written motion, to suppress the weapon on the ground that the People's voluntary disclosure form indicated an intention by the prosecution to offer the weapon and the live rounds "seized from the defendant" in evidence and that the Criminal Court complaint alleged that the gun had been removed from defendant's pants' pocket. The prosecution asserted, in response, that as an invitee in the apartment, defendant had no standing to move to suppress. The hearing court denied defendant's motion without a hearing, holding that defendant lacked standing. On this appeal defendant relies on our memorandum in *People v Sutton* (91 AD2d 522) to justify a remand for hearing on the motion. The prosecution now concedes that under *Sutton* defendant had standing and joins in the application for a hearing. Given these circumstances we remand the matter to the trial court for, having heard the evidence at the trial, it is in a position to decide the motion without an extended hearing, utilizing in part for its determination such portion of the trial minutes as it may deem appropriate. However, we think that both sides have given too bright a gloss to *Sutton.* Accordingly, we take the occasion to note that in *Sutton* we did no more than hold that a defendant from whose person it is alleged by the prosecution that contraband was seized has standing to move to suppress. We did not eliminate the requirement that facts be alleged to demonstrate that the property sought to be suppressed was procured by the prosecution under circumstances precluding admissibility in evidence in a criminal action against defendant (CPL 710.20, subd 1). In sum, in addition to establishing standing, a defendant is required to set forth in his papers circumstances which, if admitted, would require suppression of the physical evidence. That was not done in this case. However, we are aware of the practice among prosecutors frequently to waive the formal requirements of the statute and, indeed, to waive the requirement for written papers. We construe the consent of the prosecutor to a remand as such a waiver. Accordingly, we direct that a suppression hearing be held. Pending that hearing, the appeal will be held in abeyance. Concur — Asch, J. P., Silverman, Bloom, Lynch and Alexander, JJ.