OPINION OF THE COURT
Michael C. Curci, J.
The People’s request for reargument is granted. Upon reconsideration, the court adheres to its original decision and defendant’s motion requesting a hearing as to the suppression of physical evidence is granted.
This court believes there is no merit to the People’s position. The People contend that when the defendant raises a prima facie issue of an illegal arrest, or a search without probable cause, they can summarily overcome and satisfy their burden by the mere assertion of facts in their affirmation, thereby causing a hearing to be unnecessary. This position is not only novel, but wrong.
Let us begin at the beginning. Who has the burden of proof? The defense must first make a prima facie showing of an illegal arrest by lack of probable cause to have made such an arrest. How may this be done? In a variety of ways, but the most popular initial way it arises is on defense affirmation. A general recital of constitutional rights violated is not enough.
*841 In People v Roberto H. (67 AD2d 549, 550-553), the court stated the following, after reciting the pertinent dictates of CPL 710.60, which do state in part:
“ ‘A motion to suppress * * * made before trial must be in writing * * * The motion papers must state the * * * grounds of the motion and must contain sworn allegations of fact, whether [by] the defendant or of another person * * * supporting such grounds. Such allegations may be based upon personal knowledge of the deponent or upon information and belief, provided that in the latter event the sources of such information and the grounds of such belief are stated * * *
“‘3. The court may summarily deny the motion if:
“ ‘(a) The motion papers do not allege a ground constituting legal basis for the motion; or
“‘(b) the sworn allegations of fact do not as a matter of law support the ground alleged’ * * *
“It is apparent * * * that the Legislature did not intend the motion to suppress to be a pro forma response to every criminal indictment * * * [T]he papers in support of such motions frequently consist * * * of conclusory allegations * * *
“With regard to the remaining portions of the motion to suppress, defense counsel [said in part]
“ ‘[S]o as to deny him due process of law in violation of the “fourth”, “fifth”, “sixth” and “fourteenth” Amendments’ * * *
“ ‘That upon information and belief * * * an illegal and unlawful search was conducted’ * * *
“It is abundantly clear from these excerpts * * * that defendant failed to comply * * * The affirmation fails to allege any facts whatsoever, let alone facts in support of the grounds for the motion * * *
“The criminal * * * bar is on notice that the CPL does not require a hearing on a motion to suppress without regard to whether there is any basis for such motion, and without regard to the factual showing made in support of such motion. Pro forma applications [are the] significant [reason] of summary denial.” (Emphasis added.)
*842 It should be noted that People v Roberto H. (supra) was unanimous.
In People v Allweiss (48 NY2d 40, 49), Judge Wachtler said: “Here it is sufficient to note that at the time the application was made there was no factual support in the record for the contention that the identification procedure was suggestive. There was only speculation. Under these circumstances the court did not err in denying the motion (CPL 710.60, subd 1).”
Similar in tone and law was People v Leftwich (82 Misc 2d 993, 996), wherein Justice Sise stated: “A preliminary determination is not required in every instance where the identification of the defendant is in issue * * * Therefore, in a case such as the one at bar where the procedure followed does not constitute an identification but rather a confirmation, the viewing does not fall within the ambit of the statute requiring a pretrial hearing.”
In that case, the defendant constitutionally attacked the impermissive suggestiveness of what he called a “show-up” between two police officers, one an undercover, the other the arresting officer. While Justice Sise’s case did not turn on an insufficient affidavit or affirmation in support of the motion, it quite bluntly shows that ordering hearings on constitutional motions is far from automatic. The factual allegations, as well as the legal grounds must be spelled out. The problem from a defense standpoint arises very often when defense counselor, working for a large law firm, has prepared an excellent treatment of the constitutional law aspects, abundantly, if not at times overstating the legal grounds into a lecture. These “forms” are then run off on a Xerox-type machine boiler plate. New lawyers join the firm and run them off. They look so good that they would be worth an “A” in constitutional law in law school. Counselor, a bit rushed, a bit dazzled by the glossy array of constitutional argument submits same with not a scintilla of a factual allegation. When he is reminded of same, it takes him a bit of recall to get out of this clerical-like habit, and get back to the black letter law.
Therefore, a clear-cut statement of fact related to the defense counselor, as in the instant case at bar, that Mr. Hernandez, the defendant, “was approached by the police *843 at Hoyt Street without probable cause, that the police did not observe Mr. Hernandez committing any crime,” and further that the police arrested several individuals on that street on unrelated drug offenses, and that there was no informant in this case who indicated that Mr. Hernandez had committed any crime, etc., sets up a prima facie showing by the citizen that he was stopped, arrested and searched, without cause. What else, if true, is he to say? The defendant at that point has related all he knows. That is all he knows that occurred. The People rejoin; but any defendant can say this! True, there is no other response to this People’s non sequitur, except to say that the court is not taking this defense allegation as its findings of fact from which to draw conclusions of law. It is merely an opening threshold allegation by a defendant sufficient to avoid summary denial of the motion. The burden at that point is on the People to prove that the police officers had probable cause to believe a crime had been committed out of their presence sufficient to permit a legal arrest, and then the search incident to the arrest. The People erroneously maintain that their mere assertion of the basis for the arrest warrants summary denial of the defense motion. In fact, the proof must be by testimony, under oath, subject to cross-examination. Furthermore, after the People have met the burden of going forward to show the legality of the police conduct, the defendant may introduce any independent proof to show the illegality of the search. While rarely done as a practical matter, the defense has this right. So, when a clear-cut issue of fact is presented by the defense, and rebutted by the People’s affirmations, the court must order a hearing. The CPL states that the court “must” issue “findings of fact [and] conclusions of law”. (CPL 710.60, subd 6.)
So why then should the People respond at all? Answer: If the defense has made out a prima facie showing and the People do not allege facts which would show probable cause, then there may not be any issue joined. No hearing may be necessary and it is legally conceivable that a final order excluding the evidence could evolve upon the default of the People, and findings of fact and conclusions of law may possibly be filed at that time.
*844 A second reason is to clarify the issues. For example: Perhaps it may be helpful by showing that the defendant has no standing to suppress the fruits of a first earlier search, but there may be a residual issue on a second search of the defendant’s person by a second officer. If both sides agree in their papers that in effect, the defendant had “no reasonable expectation of privacy” in an otherwise proper case a hearing may be denied.
In the instant case the affirmation of the People alleges the officer “who has previously made hundreds of narcotics arrests personally observed defendant hand a glassine envelope of heroin to another * * * the area is a drug prone location [and] recovered from the ground after defendant threw it”. The court simply does not have the power to arbitrarily decree this material to be its findings of fact and conclusions of law, any more than it can merely copy all of the defendant’s allegations at its affirmation as findings of fact and conclusions of law, and summarily, in this case, suppress the evidence.
The People must realize that issues of fact have been raised relevant to the determination of probable cause (People v Bittner, 97 AD2d 33; People v McRay, 51 NY2d 594; People v Alexander, 37 NY2d 202; People v Corrado, 22 NY2d 308; People v Cabot, 88 AD2d 556). People v McRay (supra) enunciates several factors which are relevant in assessing probable cause for arrest in narcotics cases (see, also, People v Bittner, supra). The Court of Appeals advises the suppression court to consider:
1) The fact that a glassine envelope is the hallmark of an illicit drug exchange;
2) Whether there is a high incidence of narcotic trafficking in a particular community;
3) The police officer’s experience and training in narcotics investigations;
4) Whether money is exchanged, and
5) Whether the participants engaged in furtive or evasive behavior.
The court in this, and most cases, cannot reach the above findings of fact and conclusions of law without taking testimony. In Bittner (cited supra), which utilized the *845 McRay theory, to which theory this court agrees, there was a dissent on the law and an interpretation of fact by a learned jurist, Mr. Justice Brown, in whom this court has great confidence. That dissent stated, “The hand-to-nose motion observed by the arresting officer in this case is a pattern of conduct which occurs as much, if not more, during innocent encounters * * * and is too equivocal an act * * * to base a warrantless arrest”. (People v Bittner, 97 AD2d 33, 40, supra.) The court points this portion of the dissent out for two reasons: first, it is written by a scholar and a very wise jurist. Secondly, it points up the strength of the type of questions of fact that may arise, which certainly cannot be treated by a de minimis discharge by an arbitrary bureaucratic decree. The facts must be thrashed out at a hearing at which testimony must be taken, when indeed a genuine issue of fact does exist.
Again, only to show by example, questions of fact also exist as to the issue of legal abandonment (see People v Boodle, 47 NY2d 398; People v Howard, 50 NY2d 583; People v White, 92 AD2d 1033). When one drops an item, or as we say, throws it away, what then is that individual’s intent? In Boodle {supra, p 404), it was said, “Rather than a spontaneous reaction to a sudden and unexpected confrontation with the police, the defendant’s attempt to discharge the revolver was an independent act involving a calculated risk.” A brief time to reflect may circumstantially show not enough “time * * * to reflect and formulate a strategy for ridding [oneself] of the incriminating evidence” (p 404). The time passing aids in showing a sober reflection, truly intending to be rid, forever, of the goods and yet, Judge Fuchsberg dissented, saying the time in that case “could have been no more than a twinkling of time” (p 407).
An abandonment occurs when an individual disposes of property with an intent to purposely divest himself of possession (People v Brown, 40 AD2d 527; People v Anderson, 24 NY2d 12). This can be contrasted with a situation wherein it appears that the individual inadvertently dropped the item or would have retrieved it.
Let’s look at People v Howard (50 NY2d 583, supra) in passing. True, it is not an oft-cited case, and not in the ascendancy of the criminal law. So, while Howard is not *846 the wave of the future, it is still there and it said, in effect, that when its defendant dropped or threw the vanity case into a pile of junk, he was not shown to have intentionally abandoned the package so as to make a warrantless search permissible, etc. While one has the right to argue with this case, one must see the rule: We cannot dictate facts out of affirmations. Testimony at a hearing is a threshold, an initial necessity to be taken by an impartial, open-minded Judge sorting out the issues, the questions of fact, before he renders his findings of fact and conclusions of law.
The mere assertion that the defendant has been arrested without probable cause is insufficient. The words “probable cause” are legal words of art, terms that require elaboration, sometimes explanation, the interpretation of which has been the subject of volumes of courts’ disagreements. Defendant’s raw statement to his lawyer that he was arrested without probable cause, of and in itself, absent any other statement whatsoever is insufficient. Such a phrase merely begs the question. It does not satisfy the requirements of the statute nor the cases as to what they meant by “factual allegations”. However, see People v McNeil (55 AD2d 573), where the First Department said, when the People in effect help the defendant by responding to such a conclusory statement and also setting up a question of fact, then it leaves us no choice but to order a hearing (if the People had simply stated something like “The defense statement does not set up any factual allegations required by the cases or the statute” this hearing would not have been ordered). Here is a case where the People put their foot into it by setting up a question of fact, a constitutional question that the court could not ignore. The court held that a suppression hearing should have been ordered pursuant to CPL 710.60 (subd 4) where the defendant claimed that the police lacked probable cause for arrest and the trial court summarily denied the motion based upon the prosecutor’s representation that the police responded to complainant’s cry that he was the recent victim of a crime and defendant was armed. This case is unique, however, on the fact that it reported a mere conclusory statement by defendant, not otherwise sufficient, can be bolstered by an equally conclusory type statement by *847 the People, which, when read together create a question of fact in the court’s mind that only a hearing could clear it. It is so unique, that the defense should not rely upon it. Case law is rife with examples of this type of application of CPL 710.60 (subd 3); People v Weaver (49 NY2d 1012); People v Werner (55 AD2d 317); People v Roberto H. (67 AD2d 549, supra). In Werner (supra), the Fourth Department determined that the allegations of defendant’s affidavit in support of his motion to suppress marked bills were sufficient to raise an issue as to the legality of his arrest. Based upon its finding that the papers alleged a statutory ground for suppression and that the affidavit raised questions sufficient to avoid summary denial, the Fourth Department concluded that a hearing was required. The court categorically rejected the trial court’s use of facts outside the affidavit to decide a suppression motion without holding a hearing. Therefore, it is equally clear, that the court cannot summarily deny a suppression motion by reference to a complaint report and memo book entries to resolve questions of fact. Where issues of fact relative to a legal basis for suppression are raised, the court has only one recourse. It must conduct a hearing.
Of course, in the case at bar, the defendant has no standing to demand a hearing pertaining to any goods seized from some other person. But as to the goods seized that he allegedly threw away, or were seized from his person, there must be a hearing to resolve all of those issues of fact and constitutional issues now shown by the defense.
Accordingly, such a hearing is ordered.