OPINION OF THE COURT
Michael Curci, J.
This court has found that the defendant, having moved on newly found grounds to suppress property, has submitted a question not firmly settled by the cases of the State of New York. Defendant would create standing out of a statement of a police officer to the effect that the defendant was the employer, although the defendant denies being the employer and states not a scintilla to show a reasonable expectation of privacy to the “office”, the place where the property was seized. Defendant’s reliance upon People v Sutton (91 AD2d 522) is misplaced when one reads it together with People v Barshai (100 AD2d 253 [both 1st Dept]). Sutton, seemingly similar on its law pattern, states it must be read very carefully on its particular facts. Sutton and Barshai are two cases directly on point in the law, in a field apparently barren of others directly on point in any way. Therefore, we believe our opinion below to manifest a case of first impression.
Defense’s most ingenious theory is to conjure up creative standing by analogizing its legal theory to a recent case. It has interpolated one late case, which we will cite infra, and from that case it makes a quantum leap through a one-line legalistic conclusion made by a police officer at a Grand Jury and uses it to create standing. This defendant has denied ownership and control of the area in which the property was found. The defendant *1031 has consistently affirmed that he is a mere employee. He has never in any way indicated a scintilla of right to be in the “office”. He has denied that he is an employer in any sense of the word. Under defense’s unique theory it would transvaluate this defendant’s own denial, in that he has aggressively maintained that he has in effect no right to enter that office, into some sort of standing. The defense has seized upon a one liner of the police officer who has made a bald legal conclusion. On this one liner defense would misconstrue standing, and have us overcome his own aggressive affirmation that he is not an owner but an employee. He would have us believe that in that place, although not his office, he has some sort of reasonable expectation of privacy to the interior thereof. Although in one of his breaths he states that he has no right to be admitted or pass through or use this certain office, that because of this one-line statement of the police officer he has new-found standing. The defendant denies ownership, denies any connection with the place. The conclusion by the officer is tenuous at best, a legalistic conclusion. Perhaps, in a different setting such may be finally definitive if backed up by a search by a title company. Yet the defense counselor would press us to believe that this creates a reasonable expectation of privacy in that office by the employee defendant. By what right? It is unexplained as to how an employee who shows not a scintilla of right or access or need to be able to use, nor the ability to cross into an area, could in fact or in law begin to show any right to privacy to another person’s office. The defense attempts to grow a right solely out of the bald, unproven, legalistic conclusion of a police officer. This may have been drawn from a previous remark of the same defendant, now totally denied by him.
This is tortured reasoning, a transvaluation of values that this court does not follow. That motion is therefore again denied on this reargument for all of the law and reasons that are elaborated upon, and upon the cases that are cited, which follow below.
Because the issue of standing looms large to both motions, the motion to controvert search warrant as well as to suppress evidence, let us elaborate firstly on the law and facts concerning standing. To support defense argument for standing, defense cites People v Sutton (91 AD2d 522). Defense contends that the court in that case held that a defendant can rely on the police officer’s version of the occurrence to provide standing in order for a hearing to be ordered on a motion to suppress. We disagree with that defense interpretation of that case’s facts, as would affect the law in this case. In Sutton, the prosecution’s affirma *1032 tian noted that the police officer observed the defendant run and toss a gun away. We have no observation, nor such a like fact pattern in the case at bar. In Sutton, the police officer’s version of the occurrence contends that the defendant was in fact, at one point, in possession of the gun. In Sutton, there was a diametric factual disagreement of the immediate hand-held possession of a gun. There is no allegation, nor question of fact, whether or not this defendant was (a) ever seen in that office nor (b) ever tossed away the property in the case at bar. The defendant had standing in the Sutton case to challenge the propriety of the police conduct and the diametrically opposed fact pattern that concerned what had physically occurred at that particular case. That being the situation, the defense in the Sutton case affirmatively contends that he was minding his own business on that street at that same time and did nothing wrong, and had no gun. This creates an immediate question of fact in order to determine whether or not he had the gun on the public street at that same time. No such analogous question of fact is described in our case. At the case at bar, defendant contends he is not an owner. Physical presence in the instant case is not a finally determinative factor. The defendant in our case denies, in effect, making any such statement to the officer as alluded to by the officer. He was not in the office at the time of the search. It is not the same issue as saying, “I was minding my own business when the officer came along and I had no gun.” The defendant at Sutton denies control or ownership of the gun, but he does not deny being at that public place at the date, time and place to which that officer had testified. Our defendant, however, denies any relevant connection whatsoever to that office, that could logically show an issue of an invasion of his privacy at that date, time and place. The defense now tries to advance past the Sutton argument to this case at bar based solely upon the Grand Jury testimony-remark. The defendant’s reliance upon Sutton (supra) is misplaced since that case was a carefully limited decision turning on a particular set of facts. Please read People v Hernandez (124 Misc 2d 840), wherein we agree that the public in the personification of a particular defendant at a definite place, and time, being disturbed in a public place of course had standing to complain upon an obvious intrusion into one’s privacy for allegedly being searched for no good reason. The crux in the Sutton case was that the defendant was seized by police as he was walking down the street minding his own business. The Appellate Division, First Department, would not hold this case out for the proposition that automatic standing is back to allow hearings involving someone else’s office. No, its proposition is that it *1033 is limited to its fact situation. Their fact situation was a common one which occurs to us in cases very often. Whenever a citizen states he was walking down a street, and minding his own business when seized illegally, and then searched, “for no good reason”, he, of course, admits his presence at the scene and has the constitutional right and standing to complain. There is no comparison in the fact situation at Sutton at all to the case at bar. The Appellate Division, First Department, did not turn that case solely on one legalistic conclusion by a police officer denied by a defendant.
A case cited below, whose facts developed before Sutton (supra), but was written after Sutton is a very interesting case. Therefore, please read this People v Barshai case (100 AD2d 253, 256-257 [1st Dept, Mar. 29,1984]), whereat Mr. Justice Sandler wrote, “Indisputably a defendant has standing to move to suppress items of property taken from his person, precisely as would a tenant of an apartment have standing to move to suppress property seized as a result of a search of his apartment. The real question presented is the character of the allegations necessary under CPL 710.20 and 710.60 to establish the kind of proprietary or possessory interest in the seized property that would constitute defendant an aggrieved person with standing to move to suppress. More specifically, the question confronting defense counsel was whether a defendant who denied possession or ownership of certain items of evidence could nonetheless allege standing on the basis of a lawyer’s affidavit asserting what the lawyer had been told as to what the prosecutor intended to prove * * * [I]t is by no means self-evident that this language was intended to permit standing to be so established with regard to items of evidence concerning which a defendant, necessarily with direct knowledge of the facts, denies any proprietary or possessory interest.” Justice Sandler went on to write (p 257), “[I]n People v Sutton (91 AD2d 522) decided some years after defendant’s trial, and in which this court, in a carefully limited decision turning on particular facts in the record, upheld the defendant’s right to a hearing notwithstanding his failure to assert directly a possessory interest”. (Emphasis supplied.)
A study of the Federal case indicates that under the dominant Federal rule defendant would have lacked standing to move to suppress items of property as to which he did not allege, and in fact disclaimed, any proprietary or possessory interest. Even as Justice Sandler went through the entire line of cases possibly involved, and we shall not detail them here, nothing changed his opinion (see, United States v Salvucci, 448 US 83; Rakas v Illinois, 439 US 128; People v Taylor, 97 AD2d 381; United *1034 States v Galante, 547 F2d 733; People v Gondolfo, 94 Misc 2d 696; last but not least, the oft-misconstrued and misapplied People v Howard, 50 NY2d 583). Interestingly, Presiding Justice Murphy, concurring in the Barshai case (100 AD2d 253, 262, supra), said, “The evidence in this record indicates that defendant told his trial counsel that the police had not recovered any incriminating property from him. Based upon that representation, the defendant did not have standing to bring a motion to suppress” (Emphasis supplied.)
This court has not had the benefit of reading the lower court’s opinion sustained at Barshai (supra). The lower court’s writer was Justice Rothwax, a learned Judge for whom this court has much respect. It remains to be seen whether the First Department has again seriously limited its admittedly initially limited position on standing stated at the Sutton case (supra), or does the Barshai case more turn on how a lawyer may interpret the intricacies of standing in order to measure proper legal representation, than standing itself? In any event, we certainly have, residually, an extremely parochial, limited use of Sutton, by the Appellate Division’s own words. Therefore, at the very least we have no stare decisis problem. Of course, had we interpreted that the Appellate Division, First Department, had said differently, then we would have been constrained to follow that case law. But such is not the situation. It would appear that stare decisis after reading Sutton and Barshai would seem to say that this defendant in our case at bar has no constitutional standing. Incidentally, Shephardizing Barshai we find no additional cases on this line.
In the case at bar, the defendant contends he is an employee at Ben Jack Auto Collision, 1710 St. Marks Avenue, Brooklyn, New York. The defense’s other contention is that as an employee, the defendant had a reasonable expectation of privacy in the particular area searched. He makes this bald legal claim, but he refuses to explain any facts to manifest such a curious right. The drugs were seized inside an office. This was inside the garage which was off limits to customers. No drugs or paraphernalia were found on the defendant’s person and the defendant was arrested outside the office wherein the drugs were found. The mere bald fact that the defendant is an employee does not grant him “automatic standing”. The defendant shows not a scintilla of reasoning, let alone one fact to support any reasonable expectation of privacy that he had to the office in which the drugs were found. The automatic standing rule enunciated by the defense in Jones v United States (362 US 257) has been rejected by United States v Salvucci (448 US 83, supra), People v *1035 Ponder (54 NY2d 160), and Rakas v Illinois (439 US 128). Therefore, for this defendant to prevail on his own contention and theory, that is, as an employee, he must go further. Denying a possessory interest in either the items recovered, or to the office, the defendant must manifest a reasonable expectation of privacy to the place searched, mainly the office. We have read and reread, on the several rearguments, every paper submitted by the defense. We have failed to find a scintilla of any written allegation, however slight, in any affidavit or affirmation of the defendant’s side, nor by anyone else, including but not exclusive of an iota of remark by the defense counsel in any affirmation relating any comment which might manifest the beginnings of a reasonable expectation of privacy by the alleged employee to any of the areas of that office. We cannot speculate at all accurately what he is talking about.
The defense would have the court misconstrue a reasonable expectation of privacy out of the air. The defense sets up a multitude of questions in the court’s mind, while not explaining the answer to any one question. Some of those questions include but are not exclusive of and are at all limited to, the following few examples. What possible right does an employee have to “an office” per se? Common sense dictates that most offices restricted to use by the employer do not allow the public nor employee the right to sit and put their feet up on the boss’s desk. In any event, we strongly state the defense is drawing us in, causing us to speculate while it has not supplied more than one word on the subject, that word being an employee.
Please read People v Hernandez (124 Misc 2d 840, supra), wherein the court agonized over this legal problem. Also please read United States v Pinto-Mejia (720 F2d 248 [2d Cir 1983]), which held that crew members (employees) of a ship had no proprietary interest in the hold area where the cargo was kept, and held no standing to contest seizure. The case did not grant them a reasonable expectation of privacy to the common areas of a ship’s hold.
Here we have a defendant who demands he be treated as an employee, insists that he is nothing but an employee, but states not one scintilla of right to be present in the “office”. He would transvaluate all of his own strong contentions, because of one bald sworn statement of a police officer. This police officer is not a lawyer, has run no title search, has no way of knowing who in fact, and then at law who owns the real property (the office); nor has he checked with Albany as to the corporate name; nor has he checked the county clerk’s office for the doing “business certifi *1036 cate”, etc. We are not presuming that anyone has a duty to do any of these things. We merely mention in passing that nothing like this was done by anyone. In short, the police officer’s testimony on this point of ownership may not be based upon strong evidence as a matter of its weight, but based upon what may appear to be his surmise on this point. Perhaps the police officer may be relying on a one-time statement by the defendant. At least no one including the defendant has shown us anything in addition to this. Yet the defense would have us engage in the anomaly of finding, on this weak bald assertion by one police officer, that the defendant’s own strong affirmations are incorrect, wrong, or perhaps even falsified. Based upon this transvaluation of values, we must now misconstrue for him some vague, gossamer unreasonable expectation of privacy. No, we will not go along with him down this tortured road, and arrive at this illogical result. The law says (see, People v Hernandez, supra) the defendant must first make out some affirmative showing of an illegal search. This the defendant has not done. His own strong assertions that he is a mere employee does not entitle him to any reasonable expectation of privacy in that office.
[Portions of opinion omitted for purposes of publication.]