■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDMUND MOSLEY, Appellant.—Appeal from judgment of Supreme Court, New York County (Rothwax, J., at denial of motion to suppress identification evidence; Galligan, J., at trial), rendered December 17, 1985, convicting defendant of robbery in the first degree, and sentencing him to a term of from 10 to 20 years' imprisonment, held in abeyance, and the matter remanded to Supreme Court for a hearing on defendant's motion to suppress identification evidence.

The defendant was arrested and charged with robbery in the first and second degrees. After arraignment on the indictment charging him with those crimes, he moved, *inter alia,* to suppress identification evidence. In his motion papers it was stated: "Defendant denies having ever seen complainant or having been seen by him. The police held a suggestive showup in the precinct 18 days after the crime, rather than conduct a line-up. No exigent circumstances existed in necessitating the need for a showup. Defendant was viewed by a complainant as the only civilian in custody in the presence of the police. Said showup was thus suggestive beyond constitutional grounds." The prosecutor opposed the conduct of a hearing, alleging "the only identification procedure used in this case was a confirmatory showup. The complainant knew defendant from his building and had seen the defendant before the crime."

At a calendar call, the Judge who denied the hearing on defendant's motion stated: "There will be no *Wade* hearing based on the D.A.'s assertion as yet uncontradicted that the parties knew each other and that, therefore, whatever else may be in issue identification is not in issue * * * should [defense counsel] want to put in issue the question of whether the parties knew each other he should do that within the next two weeks."*

At the trial, identification was the issue before the jury. The complainant testified that his knowing defendant "from the building" arose from his allegedly having, through a door peephole, seen him passing in the hallway, and once allegedly having passed him on the stairs.

---

* The record does not show any written decision on defendant's pretrial motions by order, memorandum, endorsement, or otherwise.

The allegations made in support of defendant's motion would, if uncontradicted, have been sufficient to warrant suppression. The People's response did no more than raise an issue of fact, which could be resolved only upon a hearing. *(People v Sutton,* 91 AD2d 522 [1st Dept 1982].) When the papers before the court raise an issue of fact, requiring a hearing for resolution, there is no justification for requiring the defendant to file a reply affidavit in order to secure the hearing to which he has already demonstrated his right. We note, also, that in *People v Sutton (supra),* the motion court also offered the defendant's attorney an opportunity to submit a supplemental affidavit. There, as here, defense counsel did not file such an affidavit but rested on the record before the court.

The Court of Appeals has recently held that: "precinct showup procedures should have almost no place in acceptable identification procedures, unless exigency warrants them. The People must bear the heavy burden of overcoming the inevitable suggestibility of the combined setting and showup. Avoiding the threshold locational impediment does not end the prosecutor's burden, however, because apart from showing the emergent need to conduct a showup in a precinct at all, the prosecution must also address the inextricably implicated companion problem—the inherent unreliability of a showup itself. They must therefore also demonstrate to a court what steps were taken to insure that the identifications in the particular case were free of both the basic unreliable suggestiveness and of exacerbating exploitation." *(People v Riley,* 70 NY2d 523, 531.) Concur—Milonas, Kassal, Rosenberger and Ellerin, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would affirm. Once again, an unjustified burden is being placed on the criminal justice system. *(See, People v Miller,* 130 AD2d 449, 451 [dissent].) The Calendar Judge made it quite clear that he saw no identification issue because the complainant knew the defendant "from the building" and stated there was no need for a *Wade* hearing, and if the defense wanted to put identification in issue, it should do so "within the next two weeks." The defense did not do so.

If needed, at the trial, the testimony substantiated the complainant's knowledge of the defendant "from the building." Accordingly, to now remand for a hearing on identification is an unnecessary imposition.

Under the circumstances, the determination of the Court of

Appeals with respect to showup procedures is irrelevant. *(People v Riley,* 70 NY2d 523.)

The defendant has a right to a hearing if there is an issue, but here to find an issue is supererogatory.