*115 OPINION OF THE COURT
Max Sayah, J.
THE ISSUE
The issue before this court concerns the disturbing practice of the defense Bar to move to suppress evidence in the expectation of a hearing despite insufficient sworn factual grounds or despite the failure to identify the source of the facts alleged in the motion. In each of the above cases the defendants are charged with possession of a controlled substance in the seventh degree, in violation of Penal Law § 220.03. Each defendant urges the court to grant suppression of contraband or in the alternative to grant a Mapp hearing. We decline either remedy for the reasons which follow.
THE FACTS
The defendant Christian Ycasa is charged by a Criminal Court information which reads in part: "Deponent (P.O. Kowzlowski) observed that defendant knowingly and unlawfully possessed a controlled substance, in that deponent recovered one brown bag within were 10 vials containing crack/cocaine from the ground where deponent observed defendant throw said vials.”
The deponent Marolo Goris is similarly charged in an information which states in part: "Deponent (P.O. Villani) states that defendant knowingly and unlawfully possessed a controlled substance in that deponent observed the defendant throw three plastic vials containing a crystalline substance to the ground.”
In each information the officers describe the crystalline substance as crack/cocaine.
The motions of Ycasa and Goris are predicated upon the affirmations of defense counsel who state that upon information and belief these allegations are based upon inspection of the record of the cases, information secured from the District Attorney’s office, and from conversations with the defendants.
Ycasa’s defense counsel, in support of his motion, further alleges:
11.[1] In the complaint filed in this case Police Officer Kowzlowski swears that he observed defendant in possession of *116 such property. Defendant thus has standing to challenge its seizure, citing People v Sutton (91 AD2d 522 [1st Dept 1982]).
12. At the time he was seized and searched and the property seized, the defendant was not engaged in any apparent criminal conduct. He was merely walking along the street at 172nd Street between Audobon and St. Nicholas Avenues in New York City. No contraband was in plain view.
13. Such property was seized in violation of the defendant’s constitutional rights in that: The seizure of the property was preceded by an unlawful seizure of the defendant and was performed without his consent and without a warrant.
To support Goris’ defense counsel’s affirmation, counsel states:
15. In the complaint file in this case, Police Officer Villani swears that he/she observed defendant in possession of such property. Defendant thus has standing to challenge its seizure. (Citing People v Sutton, 91 AD2d 522 [1st Dept 1982], supra.)
Paragraphs 16 and 17 of Goris’ attorney’s affirmation are identical in wording to paragraphs 12 and 13 of Ycasa’s counsel’s affirmation with omission in the Goris affidavit of a street location.
In each of the instant cases, the People have responded that the police officers recovered the contraband from the ground after they observed the defendants throw crack/cocaine vials to the ground.
The defendants contend that so long as the police at some point in time observe the defendants in possession of contraband, the defendants under People v Sutton (supra) have standing to challenge the seizure of evidence. We decline to read Sutton so expansively; rather, we demand affirmations which are more specific in nature and which follow the requirements set forth under CPL 710.60.
DISCUSSION
CPL 710.60 reads in part:
"1 * * * [M]otion papers [to suppress evidence] must state the * * * grounds of the motion and must contain sworn allegations of fact, whether of the defendant or of another person or persons, supporting such grounds. Such allegations may be based upon personal knowledge of the deponent or upon information and belief, provided that in the latter event the sources of such information and the grounds of such belief are stated * * *
*117 "3. The court may summarily deny the motion if * * *
"(b) The sworn allegations of fact do not as a matter of law support the ground alleged”.
Defense counsel, the affiants making the sworn allegations of fact, support their position by reciting little or no facts but rather state conclusions. In each case the single-named source of the information is the police officer who has sworn that he observed the defendant in possession of the property. This fact is conceded by the People. However, the police officers further swear in their complaints that they observed the defendants throw the contraband to the ground. By adopting the police officers as the source of information the facts are in effect conceded by both parties.
Defense counsel further attest that "at the time the defendants were seized they were not engaged in any apparent criminal conduct and that no contraband was in plain view”. The source of this information is not disclosed — a specific requirement of CPL 710.60. If the court is to assume that the defendants are the source of information, this is an undisputed fact, for it is clear that based on the facts alleged at the time the defendants were arrested, the defendants were not engaged in any apparent criminal activity for the contraband had already been thrown to the ground.
Finally defense counsel attest that the seizure was preceded by an unlawful seizure of the defendants without their consent and without a warrant. We consider these statements unsupported by fact and lacking the identification of the source. What is the nature of the unlawful conduct?
Simply stated, if all of the facts alleged by the parties are undisputed, then this court may refuse to grant suppression or a hearing to ascertain facts. Here the defendants have woefully failed to allege facts "to demonstrate that the property sought to be suppressed was procured by the prosecution under circumstances precluding admissibility in evidence in a criminal action against defendant (CPL 710.20, subd 1)” (People v Taylor, 97 AD2d 381 [1st Dept 1983]; see also, People v Reynolds, 71 NY2d 552 [Mar. 31, 1988]). The defendants’ motions to suppress the contraband thrown to the ground or in the alternative to grant hearings are denied.[2]
Inasmuch as both defendants contend that People v Sutton *118 (91 AD2d 522, supra) must control this court’s decision, i.e., that so long as the officers observed the defendants in possession of the seized property, they have standing to challenge the seizure and thus are entitled to hearings, we take this occasion to hold that defendants’ contentions are misguided and unsupported by the law and supporting cases on this issue.
In People v Sutton (supra), after defense counsel had stated that his client was unlawfully arrested before a gun was seized, the prosecutor, in response, alleged that the officers observed the defendant, who met the radio description of a man with a gun, run and toss the gun away. The Appellate Division thus found a factual dispute adequately raised which required a hearing.
Sutton (supra, at 522), as is argued by defense counsel, appears to imply that: “Since the police officer’s version of the occurrence confirms the fact that defendant was, at one point, in possession of the gun, he had standing to challenge the propriety of the police conduct.”
However, counsel is wrong when he relies solely on these mere bald-faced statements conferring standing. The Appellate Division has never eliminated the requirement that in addition to establishing standing, “a defendant is required to set forth in his papers circumstances which, if admitted, would require suppression of the physical evidence”. (People v Taylor, supra, at 381.) Therefore even under the Sutton, Taylor dichotomy, the defendants, based on their failure to have an identified source give facts concerning unlawful police conduct, have failed to comply with the requirements of CPL 710.20 (1). They are thus neither entitled to suppression nor a hearing.
It is unfortunate that we, a court of lower jurisdiction bound by the First Department, are beset by the arguments of defense counsel who claim standing based on apparently unequivocal holdings of that Department which seemingly confer standing based on mere possession.
We quote the Appellate Division. “Moreover, since it was clear that defendant’s person had been subjected to a search and seizure, no proprietary interest need be asserted”. (People v Lee, 130 AD2d 400, 402 [1st Dept 1987].) “[T]he fact that defendant was, at some point, in possession of the gun, [gives him] standing to challenge the propriety of the police conduct.” (People v Sutton, supra, at 522.) “Accordingly, we take *119 the occasion to note that in Sutton we did no more than hold that a defendant from whose person it is alleged by the prosecution that contraband was seized has standing to move to suppress.” (People v Taylor, supra, at 381.) "In concluding [that the defendant has no standing], the dissent overlooks that the criminal charges related to the search of defendant’s person. Clearly, he has standing to move to suppress property taken from his person”. (People v Gonzalez, 115 AD2d 73, 77 [1st Dept 1986].)
We have misgivings when we attempt to reconcile the holdings quoted above with the Federal constitutional standard adopted by the Court of Appeals in People v Ponder (54 NY2d 160 [1981]) and most recently reaffirmed in People v Rodriguez (69 NY2d 159 [1987]).
We quote the Court of Appeals: "[a] showing of a possessory or proprietary interest in the item seized by itself, however, is not the determinative factor on the issue of standing”. (People v Rodriguez, supra, at 163; citing Rawlings v Kentucky, 448 US 98 [1980].)
Judge Bellacosa speaking for the court in Rodriguez (supra) reiterates the Court of Appeals rejection of the rule of automatic standing for defendants charged with possessory offenses (see, Jones v United States, 362 US 257 [1960], overturned by United States v Salvucci, 448 US 83 [1980]). Rather, the determinate standard is whether an aggrieved person has a real, a recognized and a legitimate expectation of privacy in premises and in things which is reasonable and protected against a warrantless search. (People v Rodriguez, supra, at 165.)
It would thus appear that the Appellate Division, First Department, by its holdings, has returned to a form of automatic standing which is now rejected under current standards. Mere possession plus unlawful police conduct regardless of a legitimate expectation of privacy appear to satisfy the Appellate Division.
Indeed in Sutton and Taylor (supra), the First Department makes no reference to the requirement that a defendant demonstrate a reasonable expectation of privacy as required under Rakas v Illinois (439 US 128), United States v Salvucci (supra) and People v Ponder (supra). It is only in People v Gonzalez (supra) that the court, after holding that the defendant "[c]learly * * * has standing to move to suppress property taken from his person” (at 77), states that a defendant: *120 "[i]n order to have requisite standing to challenge the validity of a warrantless search * * * must establish that he had a reasonable expectation of privacy in the area of the search * * * The ultimate burden is on the defendant but the operative facts relevant on the issue may be gleaned from the record as a whole, including the account of the events offered by the police officer” (supra, at 77-78).
On the other hand, the Court of Appeals clearly and unequivocally holds that unless facts are alleged indicating that a defendant possesses a real, a recognized and a legitimate expectation of privacy in premises and in things which is reasonable, he has no standing to seek suppression. Automatic standing for defendants charged with possessory offenses is rejected. (People v Rodriguez, supra, at 163, 165.)
It is only where there is a notion of fair play and due process that the Court of Appeals has granted a form of semiautomatic standing, i.e., those cases where a statute legislates a constructive possession by presumption (People v Millan, 69 NY2d 514 [1987]), or where constructive possession arises from an agency or an acting in concert theory (People v Mosely, 68 NY2d 881 [1986]).
Based on the foregoing analysis of these current decisions, it is not difficult for defense counsel for Goris and Ycasa to misinterpret the law and to claim standing based merely on the officers’ observations concerning the initial possession by the defendants of the contraband. Indeed as contended by defense counsel, the Sutton-Taylor standards would mandate a court to rule that a thief, charged with possession of stolen property, has standing to suppress a stolen car which he is driving — an absurd result. (See, Rakas v Illinois, supra; United States v Hensel, 672 F2d 578 [6th Cir 1982], cert denied 457 US 1107 [1982]; United States v Hargrove, 647 F2d 411 [4th Cir 1981] [a thief lacks standing to challenge the search of a car which is stolen because he has no legitimate expectation of privacy in the stolen vehicle or its contents]; United States v Roy, 734 F2d 108 [2d Cir 1984] [even where an escaped felon has a subjective expectation of privacy in an automobile, society does not recognize as reasonable the privacy rights of a defendant whose presence at the scene of a search is wrongful].)
However, despite the apparent conflict of the words used by the First Department as opposed to the Court of Appeals, both courts insist that sufficient disputed facts must be alleged to *121 require a hearing before trial under CPL 710.20 (1) and 710.60. (See also, People v Gomez, 67 NY2d 843, 844 [1986].)
CONCLUSION
Our decision denying the defendants Ycasa and Goris hearings in this matter is predicated strictly on their failure to allege disputed facts. Accordingly, it is unnecessary for us to reach the issue as to whether the defendants have a standing to contest the seizure of the property. We note however, that unless the defendants factually affirm that police misconduct caused them to throw the contraband away and that they never intended to abandon the property, it would be difficult for this court to perceive any reasonable expectation of privacy by the defendants as to the property seized from the ground. (See, California v Greenwood, 486 US —, 108 S Ct 1625.) We continue to view the standing issue as a claim of a legitimate expectation of privacy as opposed to the now overturned automatic standing rules. (People v Rodriguez, 69 NY2d 159, supra; People v Ponder, 54 NY2d 160, supra.)
We have consistently espoused liberal discovery policies as well as simple open motion practice even to the extent that motions can be conferenced orally on the record. But where this policy is rejected by the defense Bar and/or the prosecution, we insist that motion papers be adequate, both factually, substantively, and submitted in accordance with the requirements of the Criminal Procedure Law, especially CPL 710.60. In this case defense counsel woefully have failed to adhere to the rules of the Criminal Procedure Law while the prosecution has complied fully.
The defendants’ motions to suppress the contraband or in the alternative their applications for hearings are in all respects denied.

. Numbers refer to defense counsel’s affirmations.

. Defendant Goris is also charged with the unlawful possession of marihuana taken from the person after the arrest. This discussion does not reach the issue of the seizure of the marihuana incident to arrest.