■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CECILIO MARTE, Appellant.—Appeal from judgment of the Supreme Court, New York County (Harold Rothwax, J., on motion to suppress physical evidence; John Bradley, J., at

trial and sentence), rendered March 24, 1987, convicting him, after jury trial, of criminal possession of a controlled substance in the second degree, held in abeyance and the matter remanded for a hearing on the defendant's motion to suppress physical evidence.

Supreme Court erred in denying, without a hearing, the motion to suppress the evidence seized from defendant at the time of his arrest. Defense counsel's affirmation in support of defendant's omnibus motion was sufficient to place in issue the lawfulness of defendant's arrest and the reply affirmation of the Assistant District Attorney did not resolve the issue *(People v Mosley,* 136 AD2d 500, 501 [1st Dept 1988]).

Counsel related, on information and belief, that defendant had been driving his vehicle in a normal manner and had not committed any traffic violation or other crime when he was stopped by the police and ordered to get out of the car. His vehicle was searched and he was placed under arrest. At no time did the officers give him any warning or admonition concerning his rights.

The People's reply contained the assertion that there was probable cause for the arrest and search of defendant's car based upon police surveillance in an ongoing narcotics investigation. It was further alleged that the defendant was observed meeting in his car with the target of that investigation. During the meeting, "a bag apparently containing a large amount of currency" was passed from defendant to the target. Thereafter, the police followed defendant to the lower east side of Manhattan, where defendant parked his car. Police officers approached and, after identifying themselves, asked him several questions. Defendant's answers were inconsistent with the officers' previous observations and this, it was alleged, prompted them to search defendant and his car. A clear plastic bag containing white powder, believed to be heroin, was removed from defendant's right, rear pants pocket.

There is no question that defendant had standing to challenge the legitimacy of the search and seizure of evidence from his person *(People v Lee,* 130 AD2d 400 [1st Dept 1987]; *People v Taylor,* 97 AD2d 381 [1st Dept 1983]; *People v Sutton,* 91 AD2d 522 [1st Dept 1982]). The issues raised by the papers submitted on the motion cannot be resolved absent an evidentiary hearing. We therefore remand the matter for such a hearing. Concur—Ross, J. P., Carro, Milonas, Rosenberger and Ellerin, JJ.