■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL ACEVEDO, Appellant.—Appeal from judgment, Supreme Court, New York County (George Roberts, J., at suppression motion; Eve Preminger, J., at trial), rendered September 19, 1989, which convicted the defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree, and sentenced him, as a second felony offender, to an indeterminate term of imprisonment of from four and one-half to nine years, held in abeyance, the order summarily denying the defendant's motion to suppress identification evidence as the fruit of an illegal arrest is reversed, on the law, and the matter is remitted for a hearing on the defendant's motion to suppress.

The defendant was indicted for criminal sale of a controlled substance in the third degree after his arrest pursuant to a "buy and bust" operation. He thereafter moved to suppress any physical evidence and identification testimony. In that portion of his motion papers seeking to suppress physical evidence, defense counsel alleged that the defendant was grabbed and searched immediately after exiting a building where he had been visiting a friend. Although no contraband was recovered, the defendant alleged that he was arrested nonetheless. He therefore maintained that since his seizure

and search was not based upon probable cause, any property recovered must be suppressed. In support of the defendant's motion to suppress identification testimony, counsel alleged, *inter alia,* that the defendant's identification by an undercover police officer was secured after the defendant was arrested without probable cause.

In response to the defendant's motion, the People indicated that they would not introduce physical evidence against him at trial. However, they opposed the motion to suppress identification evidence and the granting of a hearing on the issue, claiming that the identification of the defendant by the undercover officer was merely confirmatory in nature, that the identification procedure was not, therefore, unnecessarily suggestive, that the identification was not obtained in violation of the defendant's right to counsel, and that it was obtained after the defendant's arrest which was supported by probable cause.

The Supreme Court denied the defendant's motion to suppress physical evidence as "moot" and summarily denied his request for a *Dunaway/Wade* hearing. We agree with the defendant that since his motion papers sufficiently alleged facts challenging the constitutionality of his arrest and further alleged that the identification was the fruit of that illegality, it was error to deny his request for a hearing (CPL 710.60 [1], [4]; *see, People v Miller,* 162 AD2d 248, *lv dismissed* 76 NY2d 895; *People v Marte,* 149 AD2d 335; *People v Estrada,* 147 AD2d 407). The People's response merely created issues of fact which could be resolved only upon a hearing *(People v Zarate,* 160 AD2d 466, *lv dismissed* 76 NY2d 799; *People v Mosley,* 136 AD2d 500). Concur—Carro, J. P., Rosenberger, Wallach, Asch and Kassal, JJ.