■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL SIERRA, Appellant

After he was indicted for the crimes of criminal possession of a controlled substance in the third and fourth degrees, the defendant moved to suppress any physical evidence seized from his person. In support of the defendant's motion, counsel alleged that the defendant was merely standing on a street corner at the time he was searched and arrested and that the search and arrest were not, therefore, supported by probable cause. He also maintained that the police alleged that narcotics were recovered from the defendant.

In response, the People alleged that the narcotics were recovered from the ground where they had been thrown by the defendant and that the People did not intend to introduce into evidence any physical evidence recovered from the defendant's person or from any area in which the defendant had a privacy interest. The Supreme Court denied the defendant's motion with leave to renew "upon papers containing an affidavit from the defendant that he has a proprietary interest in the narcotics".

It was error to deny the defendant's request for a hearing since his motion papers sufficiently alleged facts challenging the constitutionality of his arrest (CPL 710.60 [1], [4]; see, People v Miller, 162 AD2d 248, lv dismissed 76 NY2d 895; People v Marte, 149 AD2d 335; People v Sutton, 91 AD2d 522). As the Supreme Court noted, the defendant's claim that the police alleged that drugs were recovered from his person conflicted with the People's assertion that the narcotics were recovered from the ground. Neither the defendant nor the arresting officer submitted an affidavit attesting to what occurred during the incident (People v Sutton, supra). The People's response therefore created issues of fact which could be resolved only upon a hearing (People v Zarate, 160 AD2d 466, lv dismissed 76 NY2d 799; People v Mosley, 136 AD2d 500). Moreover, the People's version of the incident confirms the fact that the defendant had possession of the drugs at some point, thereby conferring standing to challenge the propriety of the police conduct (People v Miller, supra; People v Sutton, supra). Concur—Rosenberger, J. P., Wallach, Ross and Smith, JJ.