■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE GILPIN, Appellant.—Appeal from judgment, Supreme Court, New York County (Harold Rothwax, J., on suppression motion; Edwin Torres, J., at trial), rendered May 22, 1985, which convicted the defendant, upon a nonjury verdict, of conspiracy in the fifth degree, twelve counts of promoting gambling in the second degree, eleven counts of possession of gambling records in the first degree and three counts of possession of gambling records in the second degree, and sentenced him to a fine of $5,000 and a term of imprisonment of sixty days on one count of possession of gambling records in the first degree and to concurrent terms of imprisonment of sixty days on each of the remaining counts of possession of gambling records in the first degree and to a one year conditional discharge on each of the remaining counts of which he was convicted, held in abeyance, that portion of the order summarily denying the defendant's motion to suppress conversations allegedly intercepted by the use of a modified pen register is unanimously reversed, on the law, and the matter is remitted for a hearing to determine whether a modified pen register was used to conduct illegal electronic eavesdropping and, if so, whether any subsequently seized evidence was tainted by the use of such device.

The defendant and his co-defendant Ralph Gigante *(see, People v Gigante,* 190 AD2d 587 [decided herewith]), along with three others, were charged in a fifty-one count indictment with conspiracy and gambling-related offenses arising out of a bookmaking operation allegedly supervised by Gigante. Prior to trial, the defendants moved for an order suppressing evidence obtained as a result of or derived from electronic eavesdropping devices on the ground that such evidence had been illegally obtained. The defendant and Gigante maintained, *inter alia,* that a pen register, which records telephone numbers to which outgoing calls are made, was installed on the defendant's telephone at his residence in the Summit Hotel in August of 1982 and that such device might have been used, prior to the issuance of any eavesdropping warrant, to listen to his conversations with others, including the co-defendant Gigante.

In support of the motion to suppress, the defendant, in an affidavit dated June 18, 1984, alleged that conversations which the police purported to have overheard in public places, prior to the issuance of the eavesdropping warrants, never occurred at those places. In an affidavit dated September 13, 1984, the defendant further alleged that the conversations purportedly overheard by the police in public places actually took place during telephone calls he made from his room at the Summit Hotel.

In an affirmation submitted in support of the defendants' motion, counsel for the co-defendant Gigante requested a hearing and alleged that the testimony of experts in the field of pen registers would establish that such devices may be readily adapted to intercept and overhear all conversations occurring on a telephone line. These experts would also testify that the taped "readouts" of some pen registers, which contain the pulse counts resulting from the instruments' recording of the numbers dialed, can indicate whether or not such monitoring of conversations had been conducted. Counsel maintained that only pursuant to an evidentiary hearing could the allegations that investigators engaged in unlawful eavesdropping be substantiated.

In opposition to the defendants' motion, the Assistant District Attorney denied that eavesdropping was conducted over the defendant's telephone prior to the issuance of the first warrant since the police officers assigned to the investigation informed him that they did not convert the pen register to an intercepting or overhearing device. He further alleged that the defendant's assertions in his affidavits were false, self-serving, uncorroborated and incredible.

The Supreme Court, *inter alia,* summarily denied the defendants' motion based on its conclusion that the defendant's affidavits were "inadequate" to warrant a hearing. Finding the defendant's two affidavits conflicting, the court determined that his allegations were unreliable and seemed to be tailored to support his contention that the police had unlawfully intercepted his telephone calls. The court further found counsel's contention that the pen register could have been adapted to an eavesdropping device speculative. In conclusion, the court found that the People sufficiently explained the circumstances under which the police overheard the conversations.

We agree with the defendant and co-defendant Gigante that the Supreme Court erred in denying their motion for a hearing to determine whether the police used a modified pen

register to conduct illegal electronic eavesdropping. The specific allegations contained in the affidavits and affirmation submitted in support of the defendants' motion to suppress, which were denied by the prosecutor, created issues of fact which could be resolved only upon a hearing (CPL 710.60; *People v Sierra,* 179 AD2d 601, *lv dismissed* 79 NY2d 1054; *People v Zarate,* 160 AD2d 466, *lv dismissed* 76 NY2d 799; *People v Mosley,* 136 AD2d 500; *People v Banks,* 100 AD2d 780).

Accordingly, the appeal is held in abeyance and the matter is remitted to the Supreme Court for a hearing pursuant to CPL 710.60 (4). Concur—Murphy, P. J., Milonas, Rosenberger and Kassal, JJ.