■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN JONES, Appellant. [620 NYS2d 948] —Appeal from judgment, Supreme Court, New York County (Frederic Berman, J.), rendered June 27, 1990, convicting defendant, after jury trial, of criminal possession of a controlled substance in the third and fourth degrees and sentencing him to concurrent terms of 6 to 12 years and 4 to 8 years, respectively, unanimously held in abeyance, the order denying defendant's motion to suppress physical evidence unanimously reversed, on the law, and the matter is remanded for a hearing in accordance herewith.

Order, same court and Justice, entered February 24, 1992, which denied defendant's motion to vacate the judgment pursuant to CPL 440.10 (1) (c) and (d), unanimously affirmed.

Inasmuch as defendant's supplementary papers submitted in support of his motion for a suppression hearing created an issue of fact as to whether the money found on his person was constitutionally obtained pursuant to an unlawful arrest, which issue could only be resolved upon a hearing, the motion court erred in summarily denying defendant's motion (People v Sierra, 179 AD2d 601, 602, lv dismissed 79 NY2d 1054; People v Mosley, 136 AD2d 500). With regard to the contraband, defendant failed to raise a privacy interest in the drugs and, therefore, had no standing to seek a suppression hearing on that issue (People v Wesley, 73 NY2d 351, 358).

The court did not err in denying defendant's CPL 440.10 motion to vacate the judgment since it properly found that defendant's claims were based on matters in the record that could have been raised on direct appeal (People v Gonzalez, 158 AD2d 615, lv denied 76 NY2d 735).

We have reviewed the remaining contentions, including those in defendant's pro se supplemental briefs, and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Tom, JJ.