(June 13, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE GILPIN, Appellant. [627 NYS2d 678] —Upon remand by this Court, in an order entered February 18, 1993, to the Supreme Court, New York County (*see, People v Gilpin*, 190 AD2d 585), for a hearing to determine whether a modified pen register was used to conduct illegal eavesdropping, and, if so,

whether any subsequently seized evidence was tainted by the use of such device, and upon completion of said hearing (Edwin Torres, J., at hearing), the judgment of the Supreme Court, New York County (Harold Rothwax, J., on suppression motion; Edwin Torres, J., at trial), rendered May 22, 1985, which convicted the defendant, upon a nonjury verdict, of conspiracy in the fifth degree, twelve counts of promoting gambling in the second degree, eleven counts of possession of gambling records in the first degree and three counts of possession of gambling records in the second degree and sentenced him to a fine of $5,000 and a term of imprisonment of sixty days on one count of possession of gambling records in the first degree and to concurrent terms of imprisonment of sixty days on each of the remaining counts of possession of gambling records in the first degree and to a one year conditional discharge on each of the remaining counts of which he was convicted, is unanimously affirmed.

Because the pen register at issue had the capacity to be modified to overhear conversations, and was installed without prior authorization by warrant, all evidence obtained from it should have been suppressed (*People v Bialostok*, 80 NY2d 738). However, the evidence was sufficient to support the trial court's finding that any error caused by warrantless installation of a pen register which was capable of being modified, but had not been modified, was harmless. Although there may have been conflicting inferences to be drawn from the record, the weighing of the evidence is primarily for the trier of facts, and its conclusion should be honored unless unsupportable as a matter of law (*see*, *People v Smith*, 104 AD2d 682, 684). We decline to set this determination aside as against the weight of the evidence.

We have considered and rejected the defendant's additional claims. Concur—Murphy, P. J., Rosenberger, Nardelli and Williams, JJ.