■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER SCOTT, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered April 19, 1984, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

This case arises out of the robbery of the driver of a livery car by his passenger when the vehicle stopped in a Brooklyn alleyway at the end of their trip. Defendant was arrested without a warrant on the day after the complainant identified him from a photo array. The arresting officer was a detective who knew defendant from a prior arrest and who entered defendant's apartment with his consent. When defendant went into his bedroom to get dressed, the detective followed him and seized a hat lying on the dresser. The hat was introduced into evidence at the trial and was identified by the driver as the one worn by the robber.

As the detective's entry into defendant's apartment was not forcible (cf. Payton v New York, 445 US 573), but voluntarily consented to (see, Schneckloth v Bustamonte, 412 US 218), the detective's following defendant into his bedroom after he was lawfully arrested pursuant to CPL 140.10 (1) (b) and seizing evidence in plain view was proper (see, Washington v Chrisman, 455 US 1).

We have reviewed the trial testimony and found that the defendant's proof reflected solely upon the credibility of the witnesses, who testified in detail, subject to extensive cross-examinations. Issues of credibility are primarily for the jury (see, People v Gruttola, 43 NY2d 116, 122) and there was sufficient evidence to permit a rational trier of fact to conclude that defendant was guilty of robbery in the first degree beyond a reasonable doubt (see, People v Contes, 60 NY2d 620).

We have considered defendant's remaining contention and find it to be without merit. Gibbons, J. P., Bracken, Rubin and Kunzeman, JJ., concur.