OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, the motion to suppress granted, and the indictment dismissed.
At 10:15 p.m. on December 22, 1983, plain-clothed police officers in The Bronx observed defendant Mosley and two companions, Mackie and another, walking about 25 yards behind an elderly woman around three sides of a block before the woman crossed the street to enter an apartment. Defendant and his companions began to cross the street after her, but had turned back and continued on their way when the police officers pulled their cars in front of and behind the three and stopped them on the sidewalk. When a frisk of the trio revealed a starter pistol on Mackie, but nothing on the other two, the police arrested all three for possession of *883 Mackie’s weapon. A subsequent search of defendant at the police station yielded a .22 caliber pistol in defendant’s pocket, not found in the earlier frisk. Following denial of a motion to suppress the weapon, defendant pleaded guilty to criminal possession of a weapon in the third degree.
The conduct observed by the arresting officers was equivocal, at best, and could not constitute the type of specific articulable facts necessary to justify the stop and frisk (see, People v De Bour, 40 NY2d 210; People v Cantor, 36 NY2d 106; People v Chapman, 95 AD2d 782). Thus, no probable cause existed for the subsequent arrest of defendant and the station house search that led to discovery of the pistol, and the motion to suppress this weapon should have been granted. Inasmuch as the People rely on the discovery of the starter pistol on Mackie as the basis for the arrest of defendant — that defendant constructively possessed the weapon concealed on Mackie’s person — defendant has standing to contest the frisk of Mackie.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.