■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNY ALI, Also Known as LAMBURT KUMANSINEH, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hillery, J.), rendered February 28, 1984, convicting him of attempted criminal possession of a controlled substance in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgment is affirmed.

On appeal, the defendant challenges the denial of that branch of his omnibus motion which was to suppress a quantity of cocaine seized during a warrantless search of his motel room and a gun seized during a warrantless search of the trunk of his automobile.

On August 17, 1983, the defendant was arrested for driving while his ability was impaired by drugs and for possession of narcotics. New York State Troopers responding to a report of an accident had found the defendant lying on the ground about 20 feet from his vehicle. While looking into the defendant's automobile to determine if anyone was inside, the officers recovered a vial of cocaine, a marihuana cigarette and several bottles of beer.

At a local hospital where the defendant was taken for examination, he volunteered statements regarding a machine gun and drugs in the trunk of his vehicle and additional drugs in a motel room where he was staying with his girlfriend. The ownership of the vehicle the defendant was driving was traced to one Kathleen Gallagher.

Kathleen Gallagher later visited the defendant at the hospital where, after being confronted with the defendant's admissions, she agreed to permit a State Trooper to conduct a warrantless search of the motel room where she and the

defendant had been staying. Gallagher and State Trooper Harry Wiltsie proceeded to the motel room, which was registered in Gallagher's name. Gallagher opened the door and permitted Wiltsie to enter. Wiltsie found an open canvas gym bag in a closet of the room. The bag contained six plastic bags of cocaine. Gallagher disclaimed any knowledge of the narcotics and stated that the gym bag belonged to the defendant. In the interim, the defendant's vehicle had been towed to the State Police headquarters where a warrantless search of the vehicle's trunk produced a machine gun and clip.

The defendant claims that the hearing court erred in refusing to suppress the cocaine recovered from the motel room and the machine gun found in the trunk of the vehicle.

Preliminarily, we disagree with the hearing court's finding that the defendant lacked standing to challenge the warrantless search of the motel room because the room was registered only in the name of Kathleen Gallagher. It is by now well settled that in order for a defendant to have the requisite standing to challenge the validity of a warrantless search and seizure, he must not only show that the police action was unlawful, but also that he had a reasonable expectation of privacy in the area searched (see, United States v Salvucci, 448 US 83, 85; Rawlings v Kentucky, 448 US 98, 104-106; People v Rodriguez, 69 NY2d 159, 161; People v Ponder, 54 NY2d 160, 166). Equally well settled is the fact that the protections of the Fourth Amendment of the US Constitution against unreasonable searches and seizures have been found to extend to a guest in a hotel room during the term of the rental agreement (see, Stoner v California, 376 US 483, reh denied 377 US 940; United States v Jeffers, 342 US 48; People v Goldstein, 116 AD2d 658, 660). We believe that application of these principles to the case at bar demonstrates that the defendant, as a cooccupant of the motel room, had a legitimate and reasonable expectation of privacy therein and, therefore, he had standing to challenge the warrantless search. The fact that the room was registered in Kathleen Gallagher's name, considered with the other circumstances, does not defeat the defendant's standing to challenge the propriety of the warrantless police entry.

Notwithstanding our finding that the defendant had standing, we believe that the defendant relinquished his reasonable expectation of privacy in the motel room by informing the police of the presence of contraband therein (see, People v Middleton, 54 NY2d 474, 482-483; People v Knapp, 52 NY2d 689, 699 [Jasen, J., concurring]; United States v Martino, 664

F2d 860, 870, *cert denied sub nom. Miller v United States,* 458 US 1110; *United States v Candella,* 469 F2d 173, 175). In any event, the hearing court's finding that Kathleen Gallagher voluntarily and freely consented to the search of the jointly occupied motel room is supported by the record *(see, People v Cosme,* 48 NY2d 286, 290; *People v Gonzalez,* 39 NY2d 122, 128; *People v Richards,* 119 AD2d 597, *lv denied* 67 NY2d 1056). Therefore, we decline to disturb its determination *(see, People v Satchell,* 116 AD2d 753, 754, *lv denied* 67 NY2d 889; *People v Gee,* 104 AD2d 561).

The defendant likewise abandoned any reasonable expectation of privacy in the trunk of the vehicle by giving the police information regarding the machine gun found therein *(see, People v Middleton, supra).* Furthermore, the search of the trunk was proper, upon the facts of this case, because once the officers observed the vial of cocaine, marihuana and beer bottles in plain view in the passenger compartment of the vehicle, they had a right to conduct a warrantless search of the vehicle for additional contraband or evidence of the crime in question *(see, People v Langen,* 60 NY2d 170, *cert denied* 465 US 1028; *People v Clark,* 45 NY2d 432, 438, *rearg denied* 45 NY2d 839; *People v Brown,* 116 AD2d 727, 729). Such search may include a search of every part of the vehicle *(see, United States v Ross,* 456 US 798, 825; *People v Ellis,* 62 NY2d 393, 398). Nor does the fact that the vehicle was searched after being removed to the police headquarters affect the validity of the search at bar *(see, United States v Johns,* 469 US 478; *People v Jackson,* 111 AD2d 412, 413).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Lawrence and Harwood, JJ., concur.