■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX TORRES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lawrence, J.), rendered May 25, 1982, convicting him of arson in the third degree (four counts), reckless endangerment in the first degree (four counts), conspiracy in the fourth degree and violation of General Business Law § 340, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX TORRES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (O'Brien, J.), rendered October 2, 1984, and amended on October 15, 1986, convicting him of criminal possession of a controlled substance in the second degree, unlawful possession of marihuana, criminally using drug paraphernalia in the second degree, criminal possession of a weapon in the third degree (three counts) and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Egitto, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment, as amended, is affirmed.

Contrary to the defendant's contention, the Trial Judge in this case did not abdicate his responsibility over supervision of the jury's deliberations (cf., People v Ahmed, 66 NY2d 307, 310, rearg denied 67 NY2d 647). Although it was not technically proper practice for the trial court to reply to the jury's note indicating that it had "reached an impasse" by sending a court officer to tell them to continue deliberating, it did not constitute reversible error. Both the defendant and the prose-

cutor were informed of the receipt of this note from the jury, and neither objected to the court's method of replying to it. The message given to the jury to "continue deliberating", was neutral and noncoercive. Moreover, urging the jury to continue deliberating was clearly appropriate under the circumstances (see, People v Pagan, 45 NY2d 725, 727).

The defendant failed to preserve for appellate review his objection to the trial court's denial of the jury's postsummation request to view the scene of the crime (see, CPL 470.05 [2]). In any event, such a postsummation viewing is only permissible when both parties consent to it which they did not in this case (see, People v White, 67 AD2d 571, 574, revd on other grounds 53 NY2d 721). Moreover, even if both parties had consented, it still would have been a proper exercise of the trial court's sound discretion to deny the request to view the scene (see, People v White, supra, at 574).

The hearing court correctly denied that branch of the defendant's omnibus motion which was to suppress the physical evidence seized at the time of his arrest. The defendant lacked standing to challenge the constitutionality of the seizure of items from the basement of the building since he failed to establish any possessory interest or legitimate expectation of privacy with regard to the basement (see, People v Rodriguez, 69 NY2d 159, 163; People v Ponder, 54 NY2d 160, 166). Entering the defendant's apartment to arrest him after he opened the door was justified by probable cause and exigent circumstances (see, People v Herrara, 112 AD2d 315, 316; People v Green, 103 AD2d 362, 363-364). Once inside the apartment, it was proper for the police to seize the weighing scale which they observed in "plain view" (see, People v Basilicato, 64 NY2d 103, 115; People v Scott, 116 AD2d 756, lv denied 67 NY2d 889). The police were also entitled to search the defendant's jacket before giving it to him to wear, in order to protect themselves, as part of a search incident to his lawful arrest (see, People v Belton, 55 NY2d 49, 52-53, rearg denied 56 NY2d 646; People v Johnson, 86 AD2d 165, 168, affd 59 NY2d 1014).

The sentence imposed was not excessive and does not require appellate modification (see, People v Suitte, 90 AD2d 80). Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.