OPINION OF THE COURT
Richard Lee Price, J.
Motion is disposed of as follows:
The order of this court dated August 18, 1987 and granted on default is recalled for reconsideration on the merits, the People having submitted an adequate affidavit explaining their failure to timely submit opposition papers together with an adequate affidavit of merits and upon reconsideration the following decision is substituted in its place.
*803 That branch of defendant’s motion for court inspection of the Grand Jury minutes is granted. Having carefully examined the minutes the court finds that the evidence adduced before the Grand Jury was legally sufficient to support the charges or any lesser included offenses.
The motion for dismissal of the indictment is denied.
That branch of the motion seeking suppression of any statements made by the defendant is denied without prejudice to renewal upon papers showing that the People intend to introduce, at trial, any statements made by the defendant.
That branch of the motion seeking a suppression hearing as to physical evidence seized by the police is granted for the reasons set forth herein:
The defendant here is charged with criminal sale of a controlled substance and criminal possession of a controlled substance. He and a codefendant were arrested subsequent to the completion of an alleged sale to an undercover police officer. No illegal substance was found on this defendant’s person, however, a quantity of cocaine was seized from the codefendant when the codefendant was arrested.
The defendant moves for suppression of physical evidence contending that the People will seek to introduce certain evidence seized during the arrest of himself and his codefendant. He further contends that the evidence seized during these arrests was seized illegally and alleges, without contravention, that no illegal drugs or articles were found on his person.
The Assistant District Attorney contends that the motion ought to be denied contending that this defendant has no standing to contest the seizure of the narcotics. She asserts, without contradiction, that no drugs or other illegal articles or substances were discovered on the defendant’s person. She concludes, therefore, that the defendant has no standing to move for suppression and the motion ought to be suppressed on that basis.
Any discussion of standing must begin with the cases of People v Ponder (54 NY2d 160 [1981]) and Rakas v Illinois (439 US 128 [1978]). In those cases the New York and United States courts abolished the doctrine of automatic standing. This doctrine was abolished in all instances regardless of whether the evidence sought to be suppressed was the instrumentality used in the commission of a crime and possession of the items seized at the time and place of the seizure was not *804 part of the crime charged (or was charged incidentally), or whether the crime alleged was possession of the article seized at the time and place of the seizure and such possession was attributable to the defendant solely by operation of law.
People v Ponder (supra) which abolished standing is an example of the first type of case. There, the defendant shot and killed his victim during the course of a robbery. He then fled to his grandmother’s house, which was near the scene of the robbery. The police then searched the grandmother’s house, without her permission, and found the weapon involved in committing the crime, concealed inside a washing machine. The Court of Appeals there ruled that the defendant had no standing to contest the search and the weapon was allowed to be introduced into evidence. It is clear to this court however that this defendant had actual physical possession of that weapon at a time and place other than where it was found, and that the defendant was still able to challenge other aspects of the arrest.
What had not been carefully scrutinized by the courts until recently is the difference in the operative facts of these two different types of crimes and the disparate impact a lack of standing places upon the defendant in the second instance. In the first type the evidence seized was evidence of a crime committed somewhere else. Thus the defendant could still challenge all the events occurring prior to the seizure, together with the actions of the police leading up to the scene of the crime. In contrast in the second type (where the only crime charged is the current possession and the possession is proved solely by operation of a presumption of law) the defendant had been effectively precluded from challenging any of the actions by the police.
The Court of Appeals has now implicitly recognized this inequity and in recent cases has begun to reinstitute standing for what I will characterize as offenses of "possession solely by presumption” cases. Two recent cases will serve to illustrate this.
The first case to be examined is People v Mosley (68 NY2d 881). Defendant Mosley was convicted based on the constructive possession of a starter pistol found on the person of another. The lower courts denied Mosley’s suppression motion based on his lack of standing. The Court of Appeals, however, found that defendant Mosley had standing to contest the arrest of the person upon whom the starter pistol was found.
*805 In People v Millan (69 NY2d 514 [1987]), the second case to be examined, the court granted standing to the defendant where the possession was attributable to the defendant solely by operation of law, without any concurrent physical possession or testimony establishing the possession. In Millan the police stopped a cab with three males in the back seat. The stop was in response to a perceived "help” signal transmitted by the cab driver. The police ordered the driver and passengers out of the cab and questioned them. The cab driver then said that he hadn’t given any "help” signal. Thereafter the police searched the rear of the cab and found a pistol concealed in the rear seat. The three passengers, of whom defendant Millan was one, were charged with possession of the weapon found there.
The trial court and the Appellate Division, First Department, panel hearing this matter refused to permit the defendant to challenge the seizure citing the defendant’s lack of standing and relying on People v Ponder (supra) to do so. The Court of Appeals, however, reversed and granted the defendant’s request for a hearing holding that he had standing. (People v Millan, 69 NY2d 514, supra.) The court reasoned that since the People are relying on a presumption, of law, to establish the defendant’s possession they should not be allowed to simultaneously deprive a defendant of the right to challenge that presumption.
The court notes that the case of People v Rodriguez (69 NY2d 159 [1987]) appears to run counter to this trend. In People v Rodriguez the defendant was found sleeping on a sofa bed. When the police awakened and arrested him and took him into custody, drugs were found concealed under the sheets. The defendant did not rent or lease the apartment and had no permission to be there. The Court of Appeals held that the defendant had no standing, to contest the seizure of the drugs, the defendant having admitted that he was in the apartment solely to deal in drugs and he could show no protectable privacy interest.
It is not really in conflict however since the possession of the drugs was shown both by the testimony of the defendant’s girlfriend and by the finding of the drugs concealed underneath the defendant. Therefore, the possession was not shown solely by a presumption. The factual pattern in this case is thus essentially similar to the factual pattern of Rakas (supra) and Ponder (supra), and is not indicative of any reversal of the Millan-Mosley trend.
*806 In the opinion of this court, the same principle applies here. It is clear from the submitted papers that the People are relying on the possession of the narcotics by the alleged accomplice of the defendant. Further, no actual possession of any narcotics by the defendant is alleged. Thus the only way to prove possession is by operation of law, in this case the acts of an accomplice, or to put it another way by operation of law rather than by an observable fact.
True, the possession was not shown by way of a direct statutory presumption as was the case in Millan (supra). However, the reasoning of the Millan case should not be strictly limited to granting standing only when the possession is attributable by way of a statutory presumption. Rather as in Mosley (supra) standing ought to be granted whenever possession is attributable by operation of law, the way in which presumptions, constructive possession and accomplice behavior attribute acts not physically performed by "X” to "X”.
The motion is therefore granted to the extent of granting a hearing as to the evidence seized in this matter.