■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACQUELIN GLASS, Appellant.—Judgment unanimously reversed on the law, defendant's motion to suppress granted and indictment dismissed. Memorandum: On appeal from a judgment convicting her of criminal possession of marihuana in the first degree, defendant's primary claim is that a search warrant under which the marihuana was seized was not issued upon probable cause. The suppression court found that the warrant application did not satisfy the *Aguilar-Spinelli* test *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410), but did meet the "totality of the circumstances" test enunciated by the United States Supreme Court in *Illinois v Gates* (462 US 213).

The Court of Appeals in cases involving arrests without a warrant has declined to adopt the *Gates* test as a matter of State constitutional law *(People v Johnson,* 66 NY2d 398, 406) and we see no reason why the *Gates* test should be applied to cases involving a search warrant as in the instant case *(see, People v P. J. Video,* 68 NY2d 296, 305; *People v Bigelow,* 66 NY2d 417, 424-425; *People v Griminger,* 127 AD2d 74, 83, *lv granted* 70 NY2d 647). It is the Magistrate, not the police, who must determine probable cause and that determination must be objectively verifiable *(People v P. J. Video, supra,* at 307; *People v Hanlon,* 36 NY2d 549, 559). Here, the warrant application fails both prongs of the *Aguilar-Spinelli* test because there was no showing that the informant or the informant's information was reliable. Since the warrant was not issued upon probable cause, defendant's motion to suppress should have been granted. In view of our holding, we need not reach the other issues raised by defendant. (Appeal from judgment of Monroe County Court, Connell, J.—criminal possession of marihuana, first degree.) Present—Callahan, J. P., Doerr, Green, Balio and Davis, JJ.