■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD TIMMONS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered March 23, 1984, convicting him of kidnapping in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Chetta, J.), after a

hearing, of that branch of the defendant's omnibus motion which was for suppression of physical evidence.

Ordered that the judgment is affirmed.

On the evening of July 19, 1983, the defendant persuaded three young boys to accompany him to a Queens apartment where he and a codefendant, Al Maxwell, held them hostage. Two of the boys were freed the next morning. The third boy was held until he was located by the police who had been led to the apartment by the other two boys.

The defendant assigns error to the hearing court's determination that he lacked standing to challenge the warrantless entry into, and the subsequent search of, the apartment where the boys had been held. We find no merit to this contention. The defendant initially told the police that he lived in a Manhattan hotel and later advised them that he lived "on and off" at the subject Queens apartment. The evidence adduced at the hearing demonstrated that the defendant was a mere transient in the apartment where he was arrested and the physical evidence was seized. Under all the circumstances, the defendant had no reasonable expectation of privacy in the apartment and, therefore, lacked standing to object to the warrantless entry or to challenge the legality of the search (see, *Rakas v Illinois,* 439 US 128, *reh denied* 439 US 1122; *People v Rodriguez,* 69 NY2d 159, 162; *People v Ponder,* 54 NY2d 160).

The defendant's further contention that his arrest without a warrant was unlawful is similarly without merit. Based upon the facts and circumstances known to the arresting officer, probable cause existed to believe the defendant had committed or was committing a crime (see, *Brown v Texas,* 443 US 47, 50-51; *People v Howard,* 50 NY2d 583, 589, *cert denied* 449 US 1023; *People v Farinaro,* 110 AD2d 653, 654).

We have reviewed the defendant's remaining contentions and have found them to be either unpreserved for appellate review or without merit. Thompson, J. P., Brown, Weinstein and Balletta, JJ., concur.