■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMIE LEE WESLEY, Appellant.—Judgment unanimously reversed on the law, defendant's motion to suppress granted and indictment dismissed. Memorandum: On appeal from a judgment convicting him a criminal possession of marihuana in the first degree and criminal possession of a weapon in the third degree, defendant's primary contention is that the suppression court erred in denying his motion to suppress evidence seized pursuant to a search warrant on the ground that he lacked standing to challenge the legality of the search warrant. We agree. Although the "automatic standing" rule established in *Jones v United States* (362 US 257) has been rejected *(see, United States v Salvucci,* 448 US 83; *People v Ponder,* 54 NY2d 160), defendant has standing here because the People rely on the constructive possession of the drugs as the basis for the arrest of defendant *(cf., People v Millan,* 69 NY2d 514; *People v Mosley,* 68 NY2d 881, *rearg denied* 69 NY2d 707, *cert denied* — US —, 107 S Ct 3185). We hold that the People may not predicate the charges against defendant on the theory that he constructively possessed the drugs because he was present on the premises at the time the search warrant was executed and simultaneously deprive him of standing to challenge the legality of the search.

In addressing the motion of codefendant, Jacqueline Glass, to suppress the evidence seized pursuant to the search warrant on the ground that the warrant was not issued upon probable cause, the suppression court found that the warrant application did not satisfy the *Aguilar-Spinelli* test *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410), but did meet the "totality of the circumstances" test enunciated in *Illinois v Gates* (462 US 213). We reversed Glass' conviction, holding that the *Gates* test should not have been applied and that the warrant application failed both prongs of the *Aguilar-Spinelli* test *(People v Glass,* 136 AD2d 892). The same result is warranted here. In view of our holding, we need not reach the other issues raised by defendant. (Appeal from judgment of Monroe County Court, Connell, J.—criminal possession of marihuana, first degree, and another charge.) Present—Doerr, J. P., Denman, Pine, Balio and Davis, JJ.