*742 OPINION OF THE COURT
Steven Fisher, J.
On these motions, the sole question presented is whether and to what extent each of the four defendants has standing to seek the suppression of contraband seized by police under authority of a concededly defective search warrant. The issue is a difficult one because, at the present time, the law of standing in New York seems unsettled and is less than entirely clear.
The facts here are undisputed and have been submitted upon stipulation by all parties.
On March 5, 1987, an application was made to a Criminal Court Judge in Kings County for a warrant authorizing the search of apartment 4F at 315 Fountain Avenue in Brooklyn. The affidavit submitted in support of the application averred, inter alia, that the police had received information from a confidential informant that there were illegal narcotics in the apartment. The application was granted and a search warrant was issued for the premises.
Later the same day, a team of officers from the Brooklyn North Narcotics Area went to the location to execute the warrant. At the time, the four defendants, Edward Williams, Hilliard Lightfoot, Elisa Murph, and McRoy Skerrit, were inside the apartment. As officers attempted to gain entry, Williams opened a window and tossed out three packages, each later found to contain cocaine. His actions were observed by another officer who had stationed himself at the rear of the building and who recovered the packages from the ground. Inside the apartment, officers found and seized drug paraphernalia, a blackjack and imitation pistols. All four defendants were arrested and were jointly charged with and later indicted for possession of the cocaine and other contraband. A search of Skerrit incidental to his arrest revealed a single vial of cocaine on his person. He alone was charged with and later indicted for the possession of that vial.
Each defendant has now moved to suppress the contraband. They contend that the affidavit submitted in support of the warrant application was deficient under the standards of Aguilar-Spinelli (Aguilar v Texas, 378 US 108; Spinelli v United States, 393 US 410) and that therefore, under New York law, the warrant was defective (see, e.g., People v Bigelow, 66 NY2d 417; People v Burks, 134 AD2d 604; cf., Illinois v Gates, 462 US 213). The People do not resist this contention *743 nor do they seek to uphold the warrant. They maintain, however, that 3 of the 4 defendants lack standing to challenge it.
Defendant Lightfoot has asserted that he was the legitimate and lawful tenant of the apartment, and the People, unable to disprove that assertion, concede that, as to him, the evidence must be suppressed. But the remaining three defendants have made no similar claim to any interest in the premises. Indeed, defendants Murph and Skerrit have conceded that they were merely guests in the apartment and both have disclaimed any interest in the contraband. Defendant Williams has agreed that he also was in the apartment as a guest but, at least for the purposes of the motion, he has claimed ownership of all the seized contraband. The People argue that the status of these three defendants as mere guests in the apartment deprives them of standing to challenge the police entry because guests have no reasonable expectation of privacy in the premises to which they are invited.
At the outset, it is necessary briefly to dispose of some preliminary matters. First, our Court of Appeals has declined to adopt for this State the Supreme Court’s "good faith exception” to the warrant requirement (see, e.g., People v Bigelow, 66 NY2d 417, 422, supra; cf., United States v Leon, 468 US 897). Thus, the conceded defect in the warrant, under New York law, renders the police entry and subsequent seizures unlawful. Second, because the tossing of the packages out of the window was provoked by, and was a direct result of, the now concededly unlawful police entry, and because the police anticipated and planned for such a reaction, the seizure of the cocaine cannot be saved under a theory of abandonment (see, e.g., People v Wilkerson, 64 NY2d 749; People v Howard, 50 NY2d 583, cert denied 449 US 1023; People v Santiago, 136 AD2d 942; People v Torres, 115 AD2d 93). Third, defendant Williams does not acquire standing where he would not otherwise have it merely by his assertion that the contraband belonged to him (see, e.g., Rawlings v Kentucky, 448 US 98). United States v Jeffers (342 US 48) is not to the contrary. There the defendant’s standing to challenge the seizure of drugs in his aunts’ hotel room was not predicated on his claim of ownership alone but "was based on [his] possessory interest in both the premises searched and the property seized” (Rakas v Illinois, 439 US 128, 136 [emphasis supplied]; see also, United States v Salvucci, 448 US 83, 90, n 5).
Turning, then, to the question presented, I begin with the *744 fact that, in 1960, the Supreme Court adopted the so-called "automatic standing” rule, holding that a defendant must be accorded standing to challenge the lawfulness of the seizure of property in any case where possession of that property is an element of a crime with which he is charged, or where, at the time of the seizure, he was legitimately on the premises in which it was made (Jones v United States, 362 US 257). As a matter of constitutional law, "automatic standing” became the rule in New York (see, e.g., People v Hansen, 38 NY2d 17). Since each defendant here is charged with possession of the contraband, each would have standing to challenge its seizure under the rule of "automatic standing”.
In 1980, however, the Supreme Court expressly abrogated the "automatic standing” rule in favor of one requiring a defendant to establish his standing by demonstrating a reasonable expectation of privacy in the premises searched or the property seized (see, United States v Salvucci, 448 US 83, supra). In People v Ponder (54 NY2d 160), our Court of Appeals followed the Supreme Court’s lead and effected a corresponding change in New York law. Because, as the People contend, invited guests are generally held to have no legally cognizable privacy interest in the apartment of another (see, e.g., People v Martin, 135 AD2d 836; People v Bencevi, 111 AD2d 397; People v Farinaro, 110 AD2d 653), defendants Murph, Skerrit and Williams would not have standing here under a strict application of the reasonable expectation of privacy rule. The issue is not so easily resolved, however. In two cases decided by our Court of Appeals after Ponder, defendants were accorded standing without any showing that their privacy rights had been violated. Thus, the concept of a reasonable expectation of privacy seems no longer to fully define the law of standing in New York.
In People v Mosley (68 NY2d 881, cert denied — US —, 107 S Ct 3185), the defendant and two companions were stopped and frisked on the street by police who observed them engage in conduct which the Court of Appeals later found to be equivocal and insufficient to justify the stop. The frisks revealed nothing on the defendant, but one of his companions, Mackie, was found to be in possession of a starter pistol. All three men were arrested for its possession, and a subsequent search of the defendant at the station house uncovered a loaded and operable weapon in his pocket. Charged with possession of that weapon, the defendant moved to suppress it as the fruit of an unlawful arrest. The Court of Appeals held *745 that, because the arrest had resulted from an unlawful stop and frisk, the defendant’s suppression motion should have been granted. Moreover, although a defendant would not ordinarily be thought to have a reasonable expectation of privacy in the person or clothing of another, the court observed: "Inasmuch as the People rely on the discovery of the starter pistol on Mackie as the basis for the arrest of defendant — that defendant constructively possessed the weapon concealed on Mackie’s person — defendant has standing to contest the frisk of Mackie.” (68 NY2d, at 883.)
In People v Millan (69 NY2d 514), the defendant and two companions were passengers in a taxicab stopped by the police on a Manhattan street. They were ordered out of the cab and were searched without result. The police then searched the interior of the cab and discovered a gun in a leather bag which they found resting on the back seat. All three passengers were arrested for possession of the weapon. The defendant’s subsequent motion to suppress the gun was denied without a hearing, and the Court of Appeals ultimately reversed. Although the defendant disavowed any interest or privacy right in the bag, and although a passenger is generally held to be without standing to challenge the search of a vehicle lawfully stopped (see, Rakas v Illinois, 439 US 128, supra; cf., People v Patterson, 129 AD2d 527; People v Dawson, 115 AD2d 611; People v Smith, 106 AD2d 525), the court held that the defendant would have standing to challenge the search which produced the gun, even if the initial stop were lawful. The court wrote, in pertinent part:
"The critical factor in our analysis of the defendant’s right to challenge the search is that the charge against him was founded only on the statutory presumption arising from the facts that he was riding in the passenger compartment of the cab and that the gun was subsequently found in the passenger compartment. We hold simply that the People may not predicate defendant’s guilt solely on the constructive possession of the weapon attributed to him as a passenger in the cab based on the presumption (Penal Law § 265.15 [3]) and simultaneously deprive him of the right to challenge the search. * * *
"The rule the People would have us sanction is this: the government, through its agents, may search a taxicab and, upon finding a gun, use the legal fiction of constructive possession to prosecute all passengers, conscious or not of the gun’s existence, and yet deny those it accuses a right to question the actions of its agents in conducting the search. *746 Such a rule offends fundamental tenets of fairness inherent in New York criminal jurisprudence” (69 NY2d, at 518-519, 520).
The defendants argue that the language and holdings of Mosley (supra) and Millan (supra) indicate that in this State anyone now arrested for or charged with the constructive possession of contraband has standing to challenge its seizure regardless of whether he can demonstrate that his own reasonable expectation of privacy was violated by the police conduct. In my view, this interpretation is overbroad for it would herald the return of "automatic standing” in New York.
A person can possess property either actually or constructively. Penal Law § 10.00 (8) provides that " '[pjossess’ means to have physical possession or otherwise to exercise dominion or control over tangible property.” Thus, a person constructively possesses property when he exercises dominion or control over it other than by physical possession (see, e.g., People v Reyes, 126 AD2d 681). Constructive possession can be proved by evidence establishing dominion or control (see, e.g., People v Watson, 56 NY2d 632; People v Vasquez, 142 AD2d 698) or, in some cases, by reliance on a statutory presumption which permits a jury to infer dominion or control from other proven facts (see, e.g., Penal Law §§ 220.25, 265.15).
When contraband is seized from a person’s physical or actual possession, his standing is manifest since his own Fourth Amendment rights, at least to some extent, are necessarily implicated (see, e.g., People v Lee, 130 AD2d 400, 402). If, as the defendants here broadly suggest, the mere allegation of constructive possession is sufficient to confer standing as well, then any person, charged in any way with being in possession of contraband, would have standing to challenge its seizure. But this is precisely the "automatic standing” rule, and the Court of Appeals must be taken at its word when it says that it has not resurrected that rule or departed from Ponder (see, e.g., People v Millan, supra, at 519). Thus, the meaning drawn by the defendants from Mosley (supra) and Millan (supra) must be other than the one intended.
Notwithstanding its broad reference to constructive possession, Millan (supra) can reasonably be read to hold only that, where a defendant’s constructive possession of contraband is founded solely upon a statutory presumption, he has standing to complain of the seizure. And, in my view, the more reasonable interpretation of Mosley (supra) is that it did not turn *747 merely on the fact that the defendant was arrested for constructively possessing the starter pistol but on the fact that, at the time of the seizure, he was alleged to have jointly possessed that pistol with another person, Mackie, who did have standing. Apparently, the Court of Appeals has come to feel that considerations of fairness require that, in some circumstances, just as possession can be joint and accessorial, so too should be standing to complain (cf., People v Pagan, 138 Misc 2d 802 [Sup Ct, Bronx County 1988, Price, J.]; People v Ycasa, 140 Misc 2d 114 [Crim Ct, NY County, Sayah, J.]).
On this point, two cases are of particular interest. In People v Rodriguez (69 NY2d 159), police made a warrantless entry into a Bronx apartment and there found the defendant sleeping alone on a sofa bed. They rousted him and then discovered and seized a bag of narcotics under the bed sheets. The defendant was arrested and charged with possession of the narcotics and of additional contraband discovered during a subsequent search conducted pursuant to a later-obtained warrant. The defendant’s. motion to suppress was denied. In affirming, the Court of Appeals held that the defendant had no standing to complain of the police conduct because, having admitted that he had gone to the apartment for the sole purpose of obtaining heroin, he had no reasonable expectation of privacy in the premises. Thus, a defendant, charged with exclusive constructive possession of contraband, was denied standing because he failed to demonstrate that its seizure had violated his own reasonable expectation of privacy.
In People v Wesley (139 AD2d 946), a case strikingly similar to the one at bar, police entered premises pursuant to a search warrant which was defective under Aguilar-Spinelli (supra). The defendant was arrested and charged, inter alia, with possession of the marihuana found on the premises. His motion to suppress was denied for lack of standing and, following his conviction, he appealed. The Appellate Division, Fourth Department, reversed and wrote: "Although the 'automatic standing’ rule * * * has been rejected * * * defendant has standing here because the People rely on the constructive possession of the drugs as the basis for the arrest of defendant * * *. We hold that the People may not predicate the charges against defendant on the theory that he constructively possessed the drugs because he was present on the premises at the time the search warrant was executed and simultaneously deprive him of standing to challenge the legality of the search.” (139 AD2d, at 946.)
*748 This language certainly implies that the court found standing solely because the defendant had been charged with constructive possession of the marihuana. But later in its decision, the court significantly acknowledged that a codefendant, Jacquelin Glass, had also been charged with and convicted of possessing the same marihuana, and had also successfully appealed. In reversing her conviction, the court had dealt solely with the question of the defect in the warrant as no issue of standing had been raised (see, People v Glass, 136 AD2d 892). Thus it appears that the defendant in Wesley (supra) had been arrested, not merely for constructively possessing marihuana, but for possessing it at the time of the seizure jointly with another who did have standing to complain (cf., People v Bero, 139 AD2d 581).
Taking all this into account, I hold that under New York law as it currently exists a defendant has standing to challenge the lawfulness of the seizure of contraband if (1) the contraband is seized from his actual or physical possession, or (2) he is arrested for or charged with the constructive possession of the contraband and the possession is founded solely upon a statutory presumption, or (3) he is arrested for or charged with constructively possessing the contraband at the time of its seizure jointly with another who has standing to complain under traditional standards. In all other cases, a defendant must establish his standing by demonstrating a reasonable expectation of privacy in the premises searched or the property seized.
In the case at bar, none of the contraband in question was seized from the actual possession of any defendant, and the People have specifically disavowed reliance upon any statutory presumption. Nevertheless, defendants Murph, Skerrit and Williams have standing because they are charged with constructively possessing the contraband at the time of its seizure, and they allegedly possessed it jointly with defendant Lightfoot who, as the People concede, has standing to challenge the police entry into the apartment.
Accordingly, because the defect in the warrant renders the police conduct here unlawful, and because each defendant must be accorded standing to complain, the suppression motion of each defendant should be granted, and the contraband should be excluded as evidence.