◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL MALCOLM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered April 13, 1987, convicting him of criminal possession of a controlled substance in the second degree, criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, criminal possession of a weapon in the third degree and criminal

possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in a light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction. Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Since the defendant had no privacy right in the apartment where he was arrested, he lacked the requisite standing to contest the search of the premises (see, People v Rodriguez, 69 NY2d 159; People v Ponder, 54 NY2d 160).

We further conclude that the trial court's charge as to circumstantial evidence adequately apprised the jury of the standard to be utilized in reaching its verdict (see, People v Ford, 66 NY2d 428, 441-442; People v Sanchez, 61 NY2d 1022, 1024; People v Borazzo, 137 AD2d 96, 100-101; People v Fernandez, 137 AD2d 709, lv denied 71 NY2d 1026).

While the court's instruction addressed to the defendant's failure to testify in his own behalf at trial was improper (see, People v Reid, 135 AD2d 753, 754), reversal is not warranted since there is no reasonable possibility that the error contributed to the defendant's conviction and, consequently, the error was harmless beyond a reasonable doubt (see, People v Crimmins, 36 NY2d 230, 237; People v Kimbrough, 134 AD2d 618, lv denied 70 NY2d 1007; People v Morris, 129 AD2d 591; cf., People v Reid, supra).

We have reviewed the defendant's remaining contentions and find them to be either without merit or unpreserved for appellate review. Bracken, J. P., Lawrence, Weinstein and Balletta, JJ., concur.