THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v NOEL LOPEZ, Defendant.

Supreme Court, Bronx County, January 27, 1989

## APPEARANCES OF COUNSEL

*Lawrence J. Braunstein* for defendant. *Paul Gentile, District Attorney (Cari E. Duhan* of counsel), for plaintiff.

## OPINION OF THE COURT

RICHARD LEE PRICE, J.

That branch of defendant's motion seeking to suppress evidence seized by the police is disposed of as follows:

By its decision in *People v Ponder* (54 NY2d 160 [1981]) the Court of Appeals abolished the concept of automatic standing for possessory offenses, declaring that in order to have stand-

ing a person would have to show an expectation of privacy in the area wherein the items sought to be suppressed were discovered. Subsequently by its decisions in *People v Mosley* (68 NY2d 881 [1986]) and *People v Millan* (69 NY2d 514 [1987]), it appeared to backtrack to some degree from *Ponder* by conferring standing upon persons charged with possession of contraband and where the possession was imputed solely by way of a presumption. However, by the almost contemporaneous decision of *People v Rodriguez* (69 NY2d 159 [1987]) they denied standing to a defendant charged with possession of drugs found under his person when the defendant was arrested in a location where he had no reasonable expectation of privacy. Thus the Court of Appeals here appears to still strictly adhere to their prior decision announced in *Ponder* and not conform to their decisions in *Millan* and *Mosley.**

These same issues and cases have recently been addressed by the Second and Fourth Departments of the Appellate Division. In *People v Malcolm* (143 AD2d 1049 [2d Dept 1988]) and *People v Torres* (133 AD2d 713 [2d Dept 1987]), the Appellate Division, Second Department, held that persons charged with possessory offenses had no standing to challenge the seizure of such contraband from areas where they could not show any expectation of privacy. This determination was made notwithstanding that the evidence adduced showed that each of the defendants did not physically possess the contraband at the time of its seizure, thus implying that any such possession was attributable to the defendant solely by way of a presumption, i.e., the possession was imposed by operation of law, the same way as in *Mosley* and *Millan (supra)* where standing was granted. Those courts justified this holding by citing *People v Rodriguez (supra)* and by apparently completely ignoring *Mosley* and *Millan.* In contrast, in *People v Wesley* (139 AD2d 946 [4th Dept 1988]), the Fourth Department found that the defendant had standing to challenge the issuance of a search warrant since the evidence found as a result thereof was attributable to him solely by way of constructive possession (citing *Millan* and *Mosley,* and ignoring *Rodriguez).* Finally, in *People v Timmons* (139 AD2d 544 [2d

* After these decisions were published, this court in the matter of *People v Pagan* (138 Misc 2d 802 [Sup Ct, Bronx County 1988]) opined that the distinction to be made in the aforecited Court of Appeals cases was whether the possession was attributable by way of a presumption or, as was the case in *Pagan,* by way of a physical possession, albeit not at the instant the drugs were discovered. This distinction now appears to be real but unimportant.

Dept 1988]), the defendant was denied standing to challenge the seizure of evidence discovered in the apartment wherein he was arrested. The basis for the denial in *Timmons* was the determination that the defendant was merely a transient in the apartment and the defendant had failed to show an expectation of privacy. Again the court cited *Rodriguez* and ignored *Mosley* and *Millan.* *(People v Ali,* 131 AD2d 857 [2d Dept 1987], citing *Rodriguez,* is inapposite to this discussion since the *Ali* court found defendant Ali had a reasonable expectation of privacy in his motel room.)

At first blush *Malcolm, Timmons, Torres* and *Rodriguez (supra)* appear to be irreconcilable with the cases of *Wesley, Mosley* and *Millan (supra)* since in all of these matters the evidence seized was not in the physical possession of the defendant at the time of the seizure. However, a closer examination of these matters reveals a common thread.

It appears to me that in deciding whether or not to grant standing, the Court of Appeals has used an unexpressed two-part test. The first step is deciding whether or not the defendant had a reasonable expectation of privacy in the area searched. If the defendant had such an expectation the matter is ended and the court inquires no further *(see, People v Ali, supra).*

If however no such expectation is found *and* if the possession is attributable to the defendant solely by way of a presumption, the court goes to the next step. It makes a determination as to whether there was someone present (whether or not that person was charged with possession of the contraband) who has a legitimate expectation of privacy in the area that was searched. This person would undeniably have standing to challenge the admissibility of such evidence if it were sought to be used against him *(see, People v Ali, supra,* and the cases cited therein). If such a person was present the courts then permit the person charged with constructive possession (whether by way of a statutory presumption or by way of court decision) to assume that existing standing for the purposes of challenging the admissibility of the contraband seized or the basis of the search.

Looked at in this light it is readily seen why the defendants in *Millan, Mosley* and *Wesley (supra)* were granted standing. In *Millan* the taxi driver clearly had standing to challenge the stop and search of the cab wherein the gun was found. Similarly in *Mosley* the incident was precipitated by the arrest

and search of a person other than the defendant. The basis for the arrest and subsequent search of the defendant was the constructive possession by the defendant of a starter pistol found on the person of another *(People v Mosley,* 68 NY2d 881, 882-883, *supra)* and the defendant was permitted to challenge that person's arrest (and the admissibility of all evidence directly flowing from it as the fruit of the poisonous tree). Thus, there was present a person with a legitimate expectation of privacy sufficient to permit defendant Mosley to challenge the arrest. Finally in *People v Wesley* (139 AD2d 946, *supra)* there also appears to be someone whose standing the defendant could assert. In contrast, in *Rodriguez, Timmons* and *Malcolm (supra),* there was no person present whose standing the defendant could assert.

A somewhat similar explanation was given by Justice Fisher *(People v Williams,* 140 Misc 2d 741 [Sup Ct, Kings County 1988]). However he limited it to cases of joint possession *(supra,* at 746-747) leaving a doubt as to why the court granted standing in *Millan (supra),* while not granting standing in *Torres (supra).*

In the light of the above explanation this court denies the motion by the defendant for suppression of the evidence seized or in the alternative for a hearing thereon *(People v Rodriguez,* 69 NY2d 159, *supra).* The facts alleged by this defendant do not show that this defendant had a legitimate expectation of privacy in the area searched. Further, while the defendant is charged with possession by way of constructive possession he has failed to show that there was any person present whose standing he could assert *(cf., People v Millan,* 69 NY2d 514, *supra; People v Mosley,* 68 NY2d 881, *supra; People v Wesley, supra; cf. also, People v Pagan,* 138 Misc 2d 802 [Sup Ct, Bronx County 1988, Price, J.] [I note that in *Pagan* there was a person present at the time the drugs were seized who could show a legitimate expectation of privacy and therefore standing]).

[Portions of opinion omitted for purposes of publication.]