The People of the State of New York, Appellant, 
against
Scott Frankel, Respondent.



Appeal from an order of the District Court of Nassau County, First District (Sharon M.J. Gianelli, J.), entered February 20, 2014. The order, after a hearing, granted defendant's motion to suppress physical evidence.




ORDERED that the order is reversed, on the law, defendant's motion to suppress physical evidence is denied, and the matter is remitted to the District Court for all further proceedings.
The People charged defendant, in an information, with patronizing a prostitute in the third degree (Penal Law § 230.04) following his alleged payment of $100 to an undercover police officer, posing as a prostitute, for a sexual act. Thereafter, defendant moved to suppress the currency as the fruit of an unlawful arrest. The People opposed the motion, arguing that defendant lacked standing to challenge the currency's seizure, which, in any event, had followed an arrest based on probable cause. The District Court granted a hearing, at which a police officer testified that he had participated in hundreds of prostitution-related investigations and that, on April 26, 2013, he had been involved in an operation designated "Flush the Johns," following complaints that persons were patronizing prostitutes at a hotel located in Garden City, New York. The operation involved the use of two adjacent rooms at the hotel, one for an undercover officer posing as a prostitute "setting up dates with possible clients" by telephone, and the other for the investigation team, which included the witness. The room used by the latter was equipped with video and audio surveillance devices to enable the team to observe and hear what transpired in the room occupied by the undercover officer. The telephone number used by the undercover officer had been included in an advertisement which employed coded references to rates for various sexual services to be provided by "Candy" depending on the length of time requested. 
At about 3:19 p.m., the undercover officer received a telephone call, in response to which the witness heard the undercover officer state, "It's a hundred for a half-hour [and] $150 for a full hour." The undercover officer immediately informed the witness that the caller had stated that he "was interested in [a] half hour of sexual intercourse for $100." Shortly before 3:40 p.m., the undercover officer informed the witness that she had received a second call from the same caller wherein the caller had stated that he had arrived at the hotel and had asked for the undercover officer's room number, which the undercover officer had provided him. At about 3:40 p.m., via the live video feed, the witness observed defendant enter the room and heard the undercover [*2]officer state, "Let's take care of business." Defendant produced a $100 bill and placed it on a dresser, whereupon defendant was arrested.
The District Court granted defendant's motion to suppress the $100 bill, apparently on the ground that, absent the undercover officer's testimony as to the content of her conversations with defendant, the court could not determine whether the money had been paid "pursuant to an understanding that in return therefor" the undercover officer would "engage in sexual conduct with him" (Penal Law § 230.02 [1] [b]). The People appeal.
The "fellow officer" rule (see People v Rosario, 78 NY2d 583, 588 [1991]) allows one officer to effect a warrantless arrest on the strength of information obtained from another officer. Upon an appropriate challenge, the People are required to establish that the source of the information possessed "the requisite probable cause" (id.) by demonstrating "the reliability of the hearsay informant and the basis of the informant's knowledge" (People v Ketcham, 93 NY2d 416, 420 [1999]; see e.g. People v Oglesby, 121 AD3d 818, 819-820 [2014]; People v Dickerson, 20 AD3d 359, 359-360 [2005]). "[W]hen . . . the hearsay informant is a police officer who imparts to fellow officers information gathered while personally participating in or observing an [illicit] transaction, there is little doubt as to the reliability of the informant or the basis of knowledge" (Ketcham, 93 NY2d at 420; see People v Landy, 59 NY2d 369, 375 [1983] [such information is considered "(p)resumptively . . . reliable and accurate"]). As hearsay is competent evidence at a suppression hearing (see CPL 710.60 [4]; People v Edwards, 95 NY2d 486, 491 [2000]), contrary to the District Court's determination, it was not necessary for the People to produce the undercover officer to establish that the arresting officer possessed probable cause (see Edwards, 95 NY2d at 491; People v Ketcham, 93 NY2d at 418-419; People v Rumble, 60 AD3d 791, 791 [2009]; People v Heller, 28 Misc 3d 138[A], 2010 NY Slip Op 51463[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). Due process is satisfied where, as here, the defense had a sufficient opportunity to question the testifying witness as to the nontestifying witness's identity, her relationship to the commission of the offense, and the basis of her knowledge of the facts she had communicated to the witness (Edwards, 95 NY2d at 491; Heller, 28 Misc 3d 138[A], 2010 NY Slip Op 51463[U], *2).
Before addressing the issue of whether probable cause was established on the facts, we find that the defendant failed to assert standing to challenge the seizure of the $100 bill. In People v Ramirez-Portoreal (88 NY2d 99 [1996]), the Court of Appeals summarized the issues relevant to a person's standing to object to the seizure of property, as follows:
"A defendant seeking suppression of evidence has the burden of establishing standing by demonstrating a legitimate expectation of privacy in the premises . . . searched . . . [whereupon] it becomes the People's burden to demonstrate that defendant's action in discarding . . . property searched . . . was a voluntary and intentional act constituting a waiver of the legitimate expectation of privacy . . . . A legitimate expectation of privacy exists where defendant has manifested an expectation of privacy that society recognizes as reasonable. . . . Standing to challenge a search is not established by asserting a possessory interest in the goods seized—defendant must assert a privacy interest in the place or item searched" (id. at 108; see also People v Rodriguez, 69 NY2d 159, 162-163 [1987]).
The analysis of whether an expectation of privacy in a premises is reasonable involves consideration of "whether the individual took precautions to maintain privacy, the manner in which the individual used the premises and whether the individual had the right to exclude others from the premises," which may be determined, for example, by "[t]he number of times a person stays in a particular place, the length and nature of the stay, [and] the indicia of connectedness and privacy" (Rodriguez, 69 NY2d at 162-163; see also People v Hardy, 77 AD3d 133, 138 [*3][2010] ["In determining whether an expectation of privacy is reasonable, one must look to a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society,' " quoting Minnesota v Carter, 525 US 83, 88 (1998)]). There is no factual dispute that the premises at issue was a hotel guest room that was not rented by defendant, that defendant had never been in the room prior to his arrival in the afternoon of April 26, 2013, and that he had no connection to the premises other than to conduct therein a half-hour's business with a purported prostitute. Upon analogous facts, courts have concluded that there is "[no] personal standing to challenge the government's action" with respect to the seizure of property therein (Rodriguez, 69 NY2d at 161; see People v Lopez, 104 AD3d 876, 876 [2013]; Hardy, 77 AD3d at 138; People v Rada, 141 Misc 2d 218, 222 [Sup Ct, NY County 1988]; see also People v Godek, 113 Misc 2d 599, 602 [Sup Ct, Suffolk County 1982] ["defendant did not have standing to challenge the seizure of material he brought into and displayed or offered to display to others in a motel room rented by the District Attorney"]). In Rodriguez, the Court of Appeals concluded:
"The defendant . . . admitted that his only relationship with the . . . apartment was that his drug supplier resided there . . . [and] that he had gone there for the sole purpose of obtaining heroin. His illegal motives alone may not deprive him of standing but neither can they confer standing" (69 NY2d at 165).
Similarly, there is no dispute that defendant's only relationship with the premises where he was arrested was that a supposed prostitute was plying her trade there, and that his sole purpose in being present was to obtain sex for a fee. These circumstances do not establish an expectation of privacy that society recognizes as reasonable, and, thus, defendant lacked standing to challenge the seizure of the $100 bill.
We note that even if defendant had a legitimate expectation of privacy in the hotel room sufficient to confer standing, the $100 bill was properly seized incident to a lawful arrest. "Probable cause does not require the same quantum of proof necessary [even] to . . . establish a prima facie case. . . . Rather, it need merely appear more probable than not that a crime has taken place and that the one arrested is its perpetrator" (People v Gingras, 22 Misc 3d 22, 23 [App Term, 2d Dept, 9th & 10th Jud Dists 2008] [internal quotation marks and citations omitted]; see People v Bigelow, 66 NY2d 417, 423 [1985]). " Probable cause . . . requires the existence of facts and circumstances which, when viewed as a whole, would lead a reasonable person possessing the same expertise as the arresting officer to conclude that an offense has been or is being committed, and that the defendant committed . . . that offense' " (People v Williams, 127 AD3d 1114, 1116 [2015], quoting People v Wright, 8 AD3d 304, 306 [2004]). The analysis turns not on any one factor but on "an evaluation of the totality of circumstances, which takes into account the realities of everyday life unfolding before a trained officer' and the arresting officer's experience with similar incidents' " (Wright, 8 AD3d at 307, quoting People v Bothwell, 261 AD2d 232, 234 [1999]). Here, upon the totality of the circumstances, including the testifying officer's experience, and the quality of the information observed by him and transmitted to him by the undercover officer posing as a prostitute, we are satisfied that there was probable cause to arrest defendant for patronizing a prostitute in the third degree (Penal Law § 230.04) for having "solicited . . . another person to engage in sexual conduct with him in return for a fee" (Penal Law § 230.02 [1] [c]). Thus, the $100 bill was properly seized pursuant to a lawful arrest.
Accordingly, the order is reversed, the motion to suppress physical evidence is denied, and the matter is remitted to the District Court for all further proceedings. 
Marano, P.J., Tolbert and Garguilo, JJ., concur.
Decision Date: April 06, 2016