OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*1011 State Troopers, responding to a report of an automobile accident, found defendant injured and lying near the vehicle on Route 44 in Pleasant Valley. The police recovered from the car a vial of cocaine and a marihuana cigarette, in plain view. Defendant was arrested for driving while his ability was impaired and for possession of narcotics and was taken to a local hospital for treatment. While in the emergency room, defendant volunteered information about a machine gun in the trunk of the car and about additional drugs located in the motel in Poughkeepsie where he was staying with a friend. The police searched the trunk of the car and recovered the machine gun and some cocaine. Meanwhile, the friend arrived at the hospital to visit defendant. After the State Troopers confronted her with the evidence, she agreed to take them to the motel room registered in her name and to permit them to search for the additional drugs. Six small plastic bags of cocaine were seized from a canvas bag that was located in the closet.
In a pretrial suppression hearing, defendant challenged the woman’s consent to the warrantless search of their motel room, the closet and defendant’s canvas bag. While asserting that defendant had no standing to contest that issue, the hearing court denied the motion to suppress, finding that the friend had voluntarily consented to the search. The Appellate Division affirmed, disagreeing with the suppression court on the standing issue but upholding the denial of suppression, nevertheless, partly on the consent ground. The Appellate Division, however, inappropriately applied the alternative rationale found in People v Middleton (54 NY2d 474) and concluded that defendant had himself relinquished any expectation of privacy in the bag in the closet in the motel room as an additional basis for its result.
Stripped to its essentials, the only decisive issue in this case is the consent by defendant’s friend to the warrantless search. While defendant had standing to contest the search, the consent to it is supported by evidence in the record and by undisturbed findings.
Defendant’s remaining contentions are without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.