Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered October 27, 2009, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress his statements to law enforcement officials.
Ordered that the judgment is affirmed.
The County Court properly denied that branch of the defendant’s omnibus motion which was to suppress, as the fruit of an unlawful warrantless arrest inside a motel room registered to another individual, statements he made to, or in the presence of, law enforcement officials (see Payton v New York, 445 US 573 [1980]). The defendant failed to meet his burden of demonstrating a legitimate expectation of privacy in the motel room (see People v Whitfield, 81 NY2d 904 [1993]; People v Lacey, 66 AD3d 704, 705-706 [2009]). Moreover, the defendant consented to the entry of the police into the motel room when, after a detective knocked on the door and identified himself as a police officer, the defendant opened the door, stepped back, and allowed the detective to enter (see People v Nielsen, 89 AD3d 1041, 1041-1042 [2011]).
The record supports the County Court’s determination that a remark the defendant made after he was placed in custody, but before he was give Miranda warnings (see Miranda v Arizona, 384 US 436 [1966]), was made voluntarily and spontaneously and was not the product of police interrogation or its functional equivalent (see People v Fernandes, 62 AD3d 721 [2009]).
The defendant’s contention that the evidence was legally insufficient to support his conviction of murder in the second *877 degree is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of that crime beyond a reasonable doubt (see People v Correa, 265 AD2d 338, 339 [1999]). Additionally, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.