■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHYQUAN J. COLLINS, Appellant. [42 NYS3d 51]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered August 14, 2014, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant challenges the denial, after a hearing, of that branch of his omnibus motion which was to suppress physical evidence found in a motel room.

The protections of the Fourth Amendment against unreasonable searches and seizures extend to a guest in a motel room during the term of the rental agreement (*see Stoner v California*, 376 US 483 [1964]; *United States v Jeffers*, 342 US 48 [1951]; *People v Ali*, 131 AD2d 857, 858 [1987], *affd* 71 NY2d 1010 [1988]). Contrary to the defendant's contention, however, the County Court properly concluded that the defendant failed to meet his burden of demonstrating a legitimate expectation of privacy in the subject motel room (*see People v Lopez*, 104 AD3d 876, 876 [2013]). The record contains no evidence of any relationship between the defendant and the woman to whom the motel room was registered, and no evidence that the defendant had permission to be in the motel room. Thus, the County Court properly ruled that the defendant had no standing to challenge the warrantless search by police officers of that motel room.

In view of the foregoing, we do not address the defendant's remaining contentions.

Accordingly, the County Court properly denied that branch of the defendant's motion which was to suppress physical evidence. Leventhal, J.P., Cohen, Miller and LaSalle, JJ., concur.